Catherine Bosco by Angelo Bosco, Appellee, v. Boston Store of Chicago, Appellant.

### Gen. No. 20,884.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1914.   Reversed and remanded.   Opinion filed October 6, 1915.

### Statement of the Case.

Action by Catherine Bosco, a minor, by her next friend, Angelo Bosco, plaintiff, against the Boston Store of Chicago, a corporation, defendant, in the Superior Court of Cook county, to recover for personal injuries caused by being struck by an auto-truck.

From a judgment for plaintiff for $12,000, defendant appeals.

The suit was originally brought against the Boston Store and the Grabowsky Power Wagon Company, a corporation. The declaration charged that at the time of the accident the Grabowsky Power Wagon Company, a dealer in auto-trucks, was operating, driving and managing certain auto-trucks along the public streets of the city of Chicago "in conjunction with the defendant Boston Store"; that while the plaintiff, a girl seven years old, was crossing Madison street at the intersection of Paulina street, and was in the exercise of such care and caution for her own safety as might be expected of a child of her tender years, the defendants so negligently drove one of their auto-trucks that through their negligence the auto-truck ran into the plaintiff and threw her to the ground, causing divers serious permanent injuries. To this declaration the Boston Store filed a plea of not guilty, and three special pleas, which aver that at the time of the accident, the Boston Store did not own, manage, operate or drive the auto-truck in question, either in conjunction with the Grabowsky Power Wagon Company or otherwise, and aver that the auto-truck in question was, at the time and place of the accident, owned, operated, driven and managed by the Grabowsky Power Wagon Company. Upon the trial, the plaintiff entered a nonsuit as to the Grabowsky Power Wagon Company, and the cause proceeded as against the Boston Store alone.

MOSES, ROSENTHAL & KENNEDY, for appellant; HAMILTON MOSES and HENRY JACKSON DARBY, of counsel.

MILES J. DEVINE, for appellee; JOHN T. MURRAY, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

**1.** NEGLIGENCE, § 186*—*when evidence sufficient to make prima facie case*. In an action to recover for personal injuries caused by being struck by an auto-truck alleged to be owned and controlled by defendant, where defendant's pleadings put in issue the fact of such ownership and control by it, such possession and control by defendant *held* proved prima facie by evidence showing that the name of defendant was painted on the outside of such truck.

**2.** NEGLIGENCE, § 165*—*when evidence admissible to show ownership of vehicle causing injury*. In an action to recover for personal injuries caused by being struck by an auto-truck, where defendant's pleadings put in issue the ownership and control of the truck and the control of the servant operating it at the time of the accident, *held* error to exclude evidence that such truck was in fact not owned and operated by defendant at the time of the accident, and was owned and operated by another under contract with defendant, and that the servant operating such truck at such time was the servant of such other person, as it was competent for defendant to show such facts as tending to sustain its pleadings and exonerate it from liability.