154 So. 784

## LEVANS v. LOUISVILLE & N. R. CO.
### 6 Div. 422.

Supreme Court of Alabama.
April 26, 1934.

Rehearing Denied May 31, 1934.

W. A. Denson, of Birmingham, for appellant.

[1] Ante, p. 162.

644

Chas. H. Eyster, of Decatur, and White E. Gibson, of Birmingham, for appellee.

BROWN, Justice.

 While brevity in pleading is commendable, nevertheless a complaint to withstand appropriate demurrer "should be certain and specific as to charging the relationship of the parties, the duty arising, the nature and character of the injury, as well as the cause of same." (Italics supplied.) Alabama Power Co. v. Allen, 218 Ala. 416, 418, 118 So. 662, 663; Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73; Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443.

The only facts averred as matters of inducement are that, "on, to-wit, October 25, 1925, plaintiff, while riding in an automobile on a public highway in Jefferson County, State of Alabama, was injured at a public road crossing in said County and State as follows: said automobile collided with a train upon said public road crossing." There is nothing in these averments showing any connection or relation of the defendant, either with the train or the automobile, and therefore it does not appear what, if any, duty the defendant owed the plaintiff.

In the absence of averments showing that the defendant operated, controlled, or managed, in some way, the colliding instrumentalities, or one of them, the averment that the defendant "caused said automobile to collide with said train" is insufficient to show or even suggest actionable negligence on the part of the defendant, and the general averment that "defendant negligently" caused the collision does not cure the defect. Birmingham Ry. L. & P. Co. v. Barrett, 179 Ala. 274, 279, 60 So. 262, 263; Alabama Baptist Hospital Board v. Carter, supra.

Our judgment is that grounds 2, 3, 4, and 6 were well taken, and the demurrer was properly sustained.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.