FLORIDA MOTOR LINES, a corporation, v. MARIE H. MILLIAN, joined by her husband, LOUIS M. MILLIAN, and LILLIAN B. GATES.

24 So. (2nd) 710
February 1, 1946

January Term
Division A

*Milam, McIlvaine & Milam,* for appellant.

*Evan Evans,* for appellee.

BUFORD, J.:

Two suits were filed in the lower court, one each by the respective appellees, against Florida Motor Lines, a corporation, for damages accruing to the respective parties as the result of a collision which was alleged to have been caused by the negligent operation of a bus belonging to the defendant and then being operated by its agents, servants and employees.

The two cases were consolidated and tried in the lower court and are consolidated on appeal to this court.

The plaintiffs introduced their evidence in the lower court establishing the fact the automobile in which plaintiffs were riding as passengers was stopped by the driver at an intersection while the traffic light at the intersection showed amber and immediately thereafter showed red and that a bus bearing the name of Florida Motor Lines in large letters on the side thereof ran into and collided with the back end of the automobile in which plaintiffs were riding, thereby inflicting injuries on the plaintiffs.

Appellants have presented four questions, which we are asked to determine, as follows:

"Question No. 1.

"Where the plaintiff in an action for personal injuries alleges that the defendant (a corporation) at the time and place of the accident by and through its servant and employee,

who was then and there acting in the scope of his employment, was operating a motor bus which was involved in the accident, and the defendant files a plea of 'not guilty', is it incumbent upon the plaintiff to establish that the bus was being operated by defendant's servant and employee acting in the scope of his employment?"

"Question No. 2.

"Where the only evidence in such a case as to the ownership of the bus is that the lettering on the side of the bus corresponding with defendant's name, is this sufficient to establish a prima facie case not only of ownership of the bus, but that the bus was being operated by a servant or employee of defendant and that such servant or employee was acting within the scope of his employment?"

"Question No. 3.

"Where in cases of this nature it is necessary that the plaintiff establish by a preponderance of the evidence that the ownership and operation of a vehicle, should the plaintiff be permitted to establish his case by inference upon an inference or presumption upon presumption?"

"Question No. 4.

"Assuming that the bus carried the name 'Florida Motor Lines' on the side of the body, and that this raised a presumption as to ownership of the bus, does this establish such a prima facie case that the court may, as a matter of law, take the question from the jury on a instructed verdict?"

It will be observed that there is no question presented here as to the sufficiency of proof of negligence on the part of the driver of the bus or that that negligence was a proximate cause of the injury; nor is there any contention made that either verdict was excessive.

The defendant introduced no evidence. The only plea offered by the defendant was "not guilty."

Sec. 52.19 Fla. Statutes, 1941 (same F.S.A.) is as follows:

"52.19 Operation of Plea of Not Guilty in Tort Actions.—In action for torts, the plea of not guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by defendant, and not of the facts stated in the inducement, and no other defense than such denial shall

be admissible under that plea; all other pleas in denial shall take issue on some particular matter of fact alleged in the declaration; and where in the declaration the breach of duty or wrongful act is alleged to have been committed by defendant through the agency of any other person or thing the alleged relationship between the defendant and that other person or thing shall not be put in issue by the plea of not guilty."

So it is that by the pleadings the defendant admitted the ownership of the bus and the agency of the driver thereof and that the driver was acting in the scope of his employment. See McLeod Construction Company v. Cooper, 101 Fla. 441, 134 So. 224; Smith v. Coleman, 100 Fla. 1707, 132 So. 198; A.C.L. Ry Co. v. Crosby, 53 Fla. 400, 43 So. 218; City of Key West v. Baldwin, 69 Fla. 136, 67 So. 808; Johnson v. Fla. Brewing Co., 90 Fla. 148, 105 So. 319. This rule, however, did not relieve the plaintiffs of the burden to identify the bus. To do this the plaintiffs proved that the bus bore upon the side thereof the name "Florida Motor Lines" and that this marking is used by the defendant to identify its buses with which it operates a common carrier business in the State of Florida.

We think that this evidence constituted prima facie proof of ownership by the defendant and that this proof of ownership warranted the assumption, (absent contradicting plea and proof that it is not operated by the agent and servant of the defendant) that it was so operated. See Sherman & Redfield on Law of Negligence, 6th Ed. Vol. 1, Sec. 158; Mann v. Stewart Sand Co., (Mo.) 243 S.W. 407; Globe Laundry v. McLean, (Tex.) 19 S.W. (2) 94; Edgeworth v. Wood, 58 N.J.L. 463, 33 Atl. 940; Fleischman v. Polar Wave Ice & Fuel Co., (Mo.) 127 S.W. 660; Deil v. Brewing Co., 51 N.Y. Sup. 930; Hartgig v. American Ice Co. (Pa.), 137 Atl. 867; Liberty Baking Co. v. Kellum, 79 Fed. (2) 931; Baker v. Maseeh (Ariz.) 179 Pac. 53.

We conclude that the questions presented in this appeal must be answered contrary to appellant's contention and that the judgments should be affirmed.

It is so ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.