Matthias, J.
 

 The issue of liability of the defendants arises from separate charges of negligence which were so considered and determined by the Court of Common Pleas and the Court of Appeals.
 

 The Court of Common Pleas directed a verdict in favor of the defendants Frederick and Hager on the ground that the plaintiff failed to prove that at the time of the collision their motor truck was being driven by an employee then engaged in their business; and that the mere possession of defendant’s motor truck by one who, prior to and after the accident, had been an employee, is insufficient to render the employer liable for the negligence of the driver of the motor truck.
 

 The Court of Appeals, although concluding that the record disclosed evidence that the operator of the motor truck was negligent and that his negligence was 'a direct cause of the collision, agreed with the Court of Common Pleas in the view that there was an absence of evidence that the driver of the motor truck “had been employed to operate this truck or that he had ever done so on defendant’s business.”
 

 Both courts, therefore, found the evidence insufficient to establish the agency of the driver of the motor truck. Such determination is in accord with the well established rule in this state that “the owner of an automobile is not liable in an action for damages for injuries to or death of a third person caused by the negligence of an employee in the operation of the automobile, unless it is proven that the employee, at the time, was engaged upon his employer’s business acting within the scope of his employment.” It is to
 
 *427
 
 be noted that in tbe instant case there is no claim of wrongful entrustment.
 
 White Oak Coal Co.
 
 v.
 
 Rivoux, Admx.,
 
 88 Ohio St., 18, 102 N. E., 302, 46 L. R. A. (N. S.), 1091, Ann. Cas. 1914C, 1082;
 
 Elms
 
 v.
 
 Flick,
 
 100 Ohio St., 186, 126 N. E., 66;
 
 Sobolovitz
 
 v.
 
 Lubric Oil Co.,
 
 107 Ohio St., 204, 140 N. E., 634; and
 
 Halkais
 
 v.
 
 Wilkoff Co.,
 
 141 Ohio St., 139, 47 N. E. (2d), 199.
 

 The reason assigned by the trial court for directing a verdict in favor of the defendant Vinson was that the evidence showed that Wilson, the driver of Vinson’s automobile, was permitted to drive it wherever she pleased and that there was no evidence to show any control of the automobile by Vinson or that Wilson was acting as his agent in conveying passengers. The Court of Appeals did not pass upon the question of agency of Wilson, but based its affirmance of the judgment in favor of Vinson upon the want of “substantial evidence of negligence on the part of the operator of the Vinson automobile directly causing or contributing-to cause the collision.”
 

 The petition alleges facts which, if true, constituted a violation of Section 6307-30- (a) 3, General Code; It reads as follows:
 

 “No vehicle or trackless trolley shall, in overtaking and passing traffic, or at any other time, be driven to the left of the center or center line of the roadway under the following conditions:
 

 * * # * #
 

 “3. When approaching within one hundred feet of or traversing any intersection or railroad grade crossing, unless compliance with this section is impossible because of insufficient roadway space.”
 

 There is substantial evidence in the record showing that at the time of the collision the driver of the Vinson automobile was operating it parallel to the line of travel of the motor truck and that the collision oc
 
 *428
 
 curred by reason of the attempt of the driver of the automobile to pass the motor truck at the left of the center line of the street upon which both were traveling and when both were either in or very near the street intersection. Proof is provided by the testimony of the driver of another automobile and by the evidence of the location of the damaged automobile following the collision that there was a violation of the provisions of Section 6307-30, General Code.
 

 The record discloses that each of the passengers being transported in the Vinson automobile to and from his place of employment regularly paid for his transportation, except Wilson who did not pay for transportation because of the fact that she did the driving, and that the money paid as passenger fare was paid to Vinson.
 

 The evidence shown by the record clearly makes a prima facie case of agency of Wilson.
 

 For the reasons stated the judgment of the Court of Appeals as to the defendants Frederick and Hager is affirmed, and the judgment as to the defendant Vinson is reversed. ' ,
 

 Judgment affirmed in part and reversed in part.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.