84 So.2d 345

**BARBER PURE MILK COMPANY**

v.

**Vernice HOLMES.**

**BARBER PURE MILK COMPANY**

v.

**Alva L. HOLMES.**

**6 Div. 749, 749–A.**

Supreme Court of Alabama.

Nov. 3, 1955.

Rehearing Denied Jan. 12, 1956.

J. P. Mudd and E. M. Friend, Jr., Birmingham, for appellant.

Gibson, Hewitt & Gibson, Birmingham, for appellees.

**MAYFIELD, Justice.**

This is an appeal from final judgments rendered in behalf of both appellees, the plaintiffs below, by the circuit court of Jefferson County. This appeal involves two actions, one for personal injuries to the plaintiff, Vernice Holmes, and the other for loss of consortium on the part of her husband, Alva L. Holmes. Both here and in the trial court, the actions were consolidated.

The accident out of which these cases arose occurred on 9 February 1952 at approximately 9:00 A.M. According to the testimony of Vernice Holmes, she had been in Greenwood's Cafe, Birmingham, shortly prior to the accident. As she left the cafe, she proceeded north on the east sidewalk along 20th Street. There is an alleyway which separates Greenwood's Cafe from the Tutwiler Hotel. As she approached this alleyway, she saw a milk truck drive into the alley which crosses the sidewalk. The truck stopped in a position partially blocking the sidewalk directly in front of Mrs. Holmes. She described the truck as being cream colored and bearing the name "Barber Pure Milk" in red letters. As Mrs. Holmes approached the truck she stopped for a few seconds and saw a negro man get out of the cab of

the truck on the side on which she was standing, and run to the rear of the truck. As Mrs. Holmes started across the alley and around the end of the truck the man who had just alighted from the cab of the truck opened the rear door in a sudden manner causing it to strike her in the head. Mrs. Holmes has no knowledge of what happened from the time she was struck by the door of the truck until she regained consciousness that afternoon in the office of Dr. J. M. Donald, who is the physician of the Barber Milk Company. She does not know how she reached the company doctor's office, located at Five Points, Birmingham. Mrs. Holmes did not know Dr. Donald and did not meet him until she regained consciousness in his office.

A few days following the accident Mrs. Holmes identified a truck on the defendant's premises as being the same or "a similar truck" to that which caused her injury. At the trial she likewise identified photographs of one of the defendant's fleet of trucks.

No witnesses other than the plaintiff testified concerning the actual occurrences which led to Mrs. Holmes' injury. Considerable evidence was introduced by both the plaintiff and defendant regarding the extent of her injuries. The evidence of the defendant was purely negative and tended to show that none of its trucks were involved in the accident. Various of defendant's employees testified that they had no knowledge of the accident. They also testified as to the details of the defendant's routine operations which testimony tended to show that it was improbable that any of defendant's trucks would have been stopping in this particular alley at the time of the accident. Among the employees who testified was defendant's sales manager, who was notified of the accident by telephone shortly after it happened.

Mr. Arthur Greenwood gave evidence that he had no knowledge of the accident outside his place of business on the day in question. He further testified that milk trucks of dairies, other than defendant, also used this particular alley, daily. A police officer who was on duty one-half block

from the place of the accident, at the corner of Fifth Avenue and 20th Street, also testified for the defendant. He stated that he knew nothing about the accident and further that when he made his investigation, approximately one week after Mrs. Holmes' injury, he was unable to find any person who witnessed the accident.

The complaint of Vernice Holmes was originally in four counts. Counts 1, 2 and 4 were withdrawn by the plaintiff and the trial was had on count 3 alone, which is as follows:

### "Count Three

"Plaintiff claims of the defendant the sum of Ten Thousand ($10,000.00) Dollars, as damages, for that heretofore, on to-wit, the 9th day of February 1952, while plaintiff was a pedestrian on a public street in the City of Birmingham, Jefferson County, Alabama, at or near the intersection of 4th Alley North and 20th in said City, County and State, a servant, agent or employee of the defendant who was then and there acting within the line and scope of his employment as such servant, agent or employee of the defendant, caused or allowed a door of a motor truck of the defendant to strike plaintiff about or near the right parietal region of her head and as a proximate consequence thereof, plaintiff was injured and damaged as follows:

"Plaintiff suffered a violent blow to her head and was rendered unconscious and dazed for a long period of time, she suffered a concussion and was caused to have violent painful and recurrent headaches, her eye sight and equilibrium was impaired, her nervous system was greatly shocked and impaired, and she was caused to suffer great physical pain and mental anguish and was made sick, sore and ill for a long period of time; she was permanently injured and was caused to lose much time from her customary work and duties and was put to much trouble, annoyance, inconvenience and great loss of time in and about an effort to heal and cure her said wounds and injuries.

"Plaintiff avers that all of her said injuries and damages were caused as a proximate result of the negligence of the said servant, agent or employee of the defendant in causing or allowing the door of defendant's motor truck to strike plaintiff at said time and place."

■ The appellant strenuously urges that the trial court erred in overruling its demurrer to the complaint. The first proposition advanced in support of this contention is that the general averment of negligence will not suffice in the absence of a showing of a breach of duty owed by the defendant to the plaintiff. Such is a correct statement of the law. Appellant here relies on the case of Tennessee Coal, Iron & R. Co. v. Smith, 171 Ala. 251, 55 So. 170, 171, where it was stated:

"If pleadings as to negligence show a duty owed by the defendant to the plaintiff, and a breach of that duty to the damage or injury of plaintiff, very general averments of negligence will suffice. As is often said, they need be but little more than conclusions; but the duty and its breach must be shown. Merely alleging that a given act was negligence or was negligently done, without more, is not sufficient. Such pleadings may allege negligence, but the trouble is it is not in such cases 'actionable negligence.'"

■ We must determine whether the present complaint alleged facts from which the law will imply duty. In this regard, we held in Dozier v. Woods, 190 Ala. 279, 67 So. 283, the following:

"*Travelers upon a public highway owe a duty to others traveling upon such highway, and that duty requires them to so reasonably conduct themselves in the use of the highway as that they will not injure others who are also traveling upon such highway.* [Emphasis supplied.]

"In this case each simple negligence count shows that the defendant was traveling in an automobile upon a public highway, and that the plaintiff was lawfully walking along such highway. The law therefore cast the duty on the defendant to drive his automobile in such a reasonable way as not to injure the defendant. Each simple negligence count of the complaint shows therefore that, at the time the plaintiff was injured, the defendant owed the plaintiff a duty, and, this being true, the general allegation in the counts showing that the defendant negligently performed the duty, or performed it in a negligent manner, and that the plaintiff was thereby injured, was sufficient. * * *"

■ The same proposition was restated in Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556, which case was cited by appellee. The complaint in the present case states that the plaintiff was a pedestrian on a public street in the City of Birmingham. As a matter of law, she had a right to be at the place where the accident occurred. We are of the opinion that the allegation is sufficient to show a duty on the part of the defendant not to negligently or wantonly injure her. So considered, the general allegation of negligence was sufficient. See, also, Smith v. Tripp, 246 Ala. 421, 20 So.2d 870, 871.

■ The complaint was technically defective in that it failed to allege sufficiently the relationship between the defendant or his servant and the instrumentality allegedly causing the injury. In Smith v. Tripp, supra, this court held:

"* * * when the injury or loss results from active force applied and arises under the doctrine respondeat superior, the rules of good pleading require that, the complaint by way of inducement show the instrumentality causing the injury, and that the agent or servant to whose acts negligence is ascribed *had actual manual control of such instrumentality or was present directing its movement. * * *"
[Emphasis supplied.]

■ The complaint did not contain sufficient allegations of the relation between the defendant servant and his control of the door of defendant's truck. This defect was challenged by apt demurrer and the trial court should have sustained the demurrer. See, Levans v. Louisville & N. R. Co., 228 Ala. 643, 154 So. 784; and Britling Cafeteria Co. v. Irwin, 229 Ala. 687, 159 So. 228. While this omission was technically error, the complaint as a whole stated a good cause of action. It is, therefore, error without injury, since it appears without dispute from the evidence that at the time of the injury, the negro helper, alleged to be a servant, agent or employee of the defendant, and against whom the negligent act is charged, was in actual manual control of the instrumentality causing the injury. Smith v. Tripp, supra; Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339.

The principal issue contested at the trial concerned the ownership of the truck in question by the defendant and the agency of the alleged servant of the defendant. The essential questions of this controversy are clearly brought into focus by distinguished counsel for the appellant. He contends:

1. That the evidence is not sufficient to raise an administrative inference of ownership of the truck in the defendant;

2. That even assuming such an administrative inference can be said to exist, it will not, in turn, support a further administrative inference of agency in the operator of the truck, without doing violence to the rule that no inference can be built upon an inference;

3. That whether this be so or not, no such presumption of agency could possibly be indulged in favor of a mere occupant, sitting next to the driver;

4. That the principle of law which creates the inference of master and servant relationship in cases where the alleged agent is shown to have performed services peculiar to the business

of the defendant on the latter's premises does not apply in the present case, because the evidence fails to show such services, and the evidence fails to show the performance of services in furtherance of the defendant's business on the latter's premises;

5. That since neither the inferences of agency set out above arise from the facts of the case, there is no evidence in the record to show that the person involved was the agent, servant or employee of the defendant, acting within the line and scope of his employment;

6. That assuming all these propositions to be adverse to the defendant, the evidence was so clear, convincing and uncontradicted, that the defendant was due the affirmative charge, and even if not, the verdict was contrary to the great weight of the evidence.

We are cited to no prior Alabama decisions which are dispositive of the complex issues as they are presented to this court by the appellant. Some aspects of the appellant's defensive position have, however, been considered by this court.

■ It is well-settled that proof of ownership of an automotive truck causing injury raises an administrative presumption that the person in possession and control of the truck is the agent or servant of the owner, and that he is acting within the line and scope of his employment. Rogers v. Hughes, 252 Ala. 72, 39 So.2d 578, and cases cited therein.

In Hancock v. Liggett & Myers Tobacco Co., 253 Ala. 63, 64–65, 42 So.2d 632, 633, the following statement is found:

"The evidence is without dispute that plaintiff while driving his automobile, a new Plymouth, on First Avenue North in the City of Birmingham on the evening of February 18, 1947, was struck by a truck belonging to the defendant, carrying an excise license plate issued to the defendant by the Jefferson County authorities. Said truck collided with plaintiff's car and damaged the said car and injured the plaintiff. The plaintiff was driving his car on the right side of the avenue going east and the defendant's car was proceeding west at the rate of 50 to 60 miles an hour on the wrong side of said avenue. Immediately after the collision, the evidence shows, the driver of the truck of the defendant got out of the truck, went around and looked at the back end and the fender of the car on the side where it collided with plaintiff's car and then immediately ran away in the dark, leaving the scene and the truck of the defendant with the keys in the ignition slot. The evidence further shows that on one side of the truck of the defendant was painted the words 'Liggett & Myers Tobacco Company' and on the other side the name of a product of tobacco which was handled and sold by Liggett & Myers Tobacco Company and that in the truck was carried several cartons of Chesterfield Cigarettes and other matters designated for advertising the business of the defendant.

"This evidence made out a prima facie case for the plaintiff and imposed on defendant the burden of going forward with the evidence and showing that the person driving the defendant's truck was not the agent or servant of the defendant or if he was such agent that he was not acting within the line and scope of his authority. * * *"

In Dortch Baking Co. v. Schoel, 239 Ala. 266, 268, 194 So. 807, 808, the plaintiff, Schoel, brought an action for personal injury and property damage arising out of a collision between the plaintiff's autobike and a truck alleged to be owned by defendant, Dortch Baking Company. The question presented was the agency vel non of the driver of the truck. The facts essential to our consideration are set out in the following quoted portion of this court's opinion:

"After a close examination of all the testimony, we are convinced that the following evidence or inferences constitute the only matter that could con-

ceivably relate to the alleged agency of Mattison with the Dortch Baking Company: (1) The disputed fact, but admitted for the sake of argument, that the name 'Dortch' appeared on the truck which Mattison was driving at the time of the collision; (2) the inference to be drawn from the fact that a Mr. Carter, an employe of Dortch Baking Company, appeared on the scene of the accident shortly thereafter; (3) the fact that the defendant Mattison stored his trucks in a garage almost adjacent to the plant of Dortch Baking Company.

"Assuming that at the time of the collision, the name 'Dortch' appeared on Mattison's truck, assuming that Mr. Carter, an admitted employee of the Dortch Baking Company, did appear shortly after the collision (which the defendant does not deny), and assuming further that Mr. Mattison did keep at least two of his cars in a garage almost adjoining the premises of the Dortch Baking Company, did the inferences to be derived from such facts justify the trial court in submitting the question of agency to the jury and in refusing to grant the affirmative charge requested in writing on behalf of the defendants, Dortch Baking Company and Fred H. Dortch? *We are of opinion and hold that this tendency of evidence warranted the submission of the question of Mattison's agency to the jury.* Tobler v. Pioneer Mining & Mfg. Co., 166 Ala. 482, 52 So. 86; McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135." [Emphasis supplied.]

In Duke v. Williams, 249 Ala. 574, 579, 32 So.2d 362, 367, which was also an action for personal injuries, this court said:

"Appellant's argument overlooks or ignores the infirmities in defendant's evidence and the fact that the coal truck not only was operated under a license issued to defendant but carried on its body evidence that it was the property of the defendant doing business as Duke Coal & Coke Company. We are, therefore, of opinion that the question of agency of the driver of the truck causing the injury was a question for jury decision. * * *"

The Court of Appeals of Alabama has, since the submission of the present case, decided a factual situation closely akin to the present controversy. In Sears, Roebuck & Co. v. Hamm, Ala.App., 81 So.2d 915, 918, that court said:

"Although we have not been cited to nor have we found a decision rendered by the courts of this State expressly holding that an administrative presumption of ownership and control by the defendant is raised by evidence showing that a motor vehicle bears the defendant's name, such appears to be the majority view in this country, and recent decisions of our Supreme Court apparently recognize the existence of such a presumption. Hancock v. Liggett & Myers Tobacco Co., 253 Ala. 63, 42 So.2d 632; Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So.2d 464; Harrington v. Evans, 99 Cal.App.2d 269, 221 P.2d 696; Florida Motor Lines v. Millian, 157 Fla. 21, 24 So.2d 710; Robeson v. Greyhound Lines, Inc., 257 Ill.App. 278; Bosco v. Boston Store of Chicago, 195 Ill.App. 133; Karte v. J. R. Brockman Mfg. Co., Mo., 247 S.W. 417; Myers v. McMaken, 133 Neb. 524, 276 N.W. 167; Kelly v. Hicks, 9 N.J. Super. 266, 76 A.2d 23; Lawson v. Wells, Fargo & Co., Sup., 113 N.Y.S. 647; Lindenmuth v. Steffy, 173 Pa.Super. 509, 98 A.2d 242; Fullerton v. Motor Express, 375 Pa. 173, 100 A.2d 73; Kirk v. Harrington, Tex. Civ.App., 255 S.W.2d 557; Walker v. Johnston, Tex.Civ.App., 236 S.W.2d 534; Terry Dairy Co. v. Parker, 144 Ark. 401, 223 S.W. 6; Howell v. J. Mandelbaum & Sons, 160 Iowa 119, 140 N.W. 397; 98 Blash. Auto. § 6056; Wigmore on Evidence, Sec. 150a."

One of the text authorities cited in the foregoing case contains the following statement:

"The general rule * * * supported by the great weight of authority is that

the fact that the name of the defendant was painted or inscribed in some manner on the motor vehicle which inflicted the injury sued for raises a presumption, or is prima facie evidence, that the defendant owned such vehicle, and that the driver was using it in defendant's behalf." 9B Blashfield's Cyclopedia of Automobile Law and Practice, § 6056, p. 525.

■ Taking the evidence most favorable to the plaintiff, as we are required to do, the testimony goes well beyond mere identification of defendant's name on the truck. The defendant regularly used trucks in making milk deliveries in the City of Birmingham. The plaintiff observed trucks on the premises of the defendant and during the trial examined a photograph of trucks belonging to the defendant. In both instances, the plaintiff identified a particular truck as being the same truck or identical to the truck involved in the accident. It is undisputed that the truck so identified was a part of the defendant's fleet. "Quite a few" of such trucks are owned by the defendant and are regularly used by it in making deliveries in downtown Birmingham. The plaintiff testified not only as to the name painted on the truck, but also as to its color, color of the lettering and the particular placement of defendant's name. The accident occurred at the entrance to a particular alley which is regularly used by the defendant in making its milk deliveries.

We conclude that the plaintiff's testimony was sufficient to establish prima facie that the truck was owned by the defendant and that an administrative presumption of agency was raised.

The appellant insists that the evidence shows that the injury complained of was not inflicted by the driver of the truck but by a negro helper. The company's position is that the presumption of agency may not be extended to a "mere occupant" of the vehicle.

According to plaintiff's testimony, the injury complained of was occasioned by the operation of the rear door of the truck and not by the movement of the vehicle itself.

The evidence does not disclose whether the alleged servant of the defendant was the driver of the truck—although the plaintiff seems to have proceeded throughout the trial on the theory that the servant actually inflicting the injury was merely a helper. There is evidence that when the truck came to a stop, the helper dismounted from the cab of the truck and proceeded to the rear and opened the door in such a manner that it struck the plaintiff in the head.

Negro helpers are employed by the defendant on its trucks and the practices carried out at the scene of the accident were consistent with the defendant's normal operations in the area—with the exception of the fact that on this particular occasion the door was opened in such a manner as to obstruct a part of the sidewalk and cause plaintiff's injury.

■ We are of the opinion that the same logic and policy considerations which give rise to a presumption of agency in the driver of a vehicle injuring a person because of the movement of a vehicle, are applicable to the alleged servant in the present case, who, under the circumstances disclosed by the evidence, was in control of the rear door of the truck at the time plaintiff was injured. We conclude that the administrative presumption was equally applicable to the helper who was shown to be in control of the unloading operation.

■ As to the nature and effect of such administrative presumption, this court in Tullis v. Blue, 216 Ala. 577, 578, 114 So. 185, 187, stated the following:

"* * * those presumptions * * * are prima facie presumptions merely, or as they are sometimes called, administrative presumptions, based upon considerations of fairness and convenience in placing the burden of proof. They are not in themselves evidence, and in practice their effect is merely to impose upon the defendant the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment. * * *"

In Craft v. Koonce, 237 Ala. 552, 554–555, 187 So. 730, 731, it was held as follows:

"This is a procedural expedient and takes the place of evidence respecting matter peculiarly known to defendants, but necessary to sustain plaintiff's cause of action, and is distinguishable from an inference of fact properly deducible from what is proven. When plaintiff proves such ownership of the car by defendant, and thereby brings into being the presumption to which we have referred, he need not offer further proof that the operator of the car was the agent of defendant, and in the line and scope of his authority, until and unless defendant has offered proof that he was not acting for defendant in the line and scope of his authority. And if defendant makes that proof and it is not contradicted, either expressly or inferentially, defendant is entitled to the affirmative charge. But if there is any evidence which reflects upon the credibility of that evidence by defendant on that question, or from which an inference may be drawn to a different result, whether such evidence was produced by defendant or plaintiff, the question of whether the operator of the car was defendant's agent acting in the line and scope of his authority should be submitted to the jury."

The administrative presumption as to ownership and agency is rebuttable, and if the evidence is strong, clear and undisputed that the operator of the vehicle was not the owner's servant, agent or employee, acting within the line and scope of his employment, the defendant is entitled to the general affirmative charge with hypothesis when requested in writing. Cox v. Roberts, 248 Ala. 372, 27 So.2d 617.

The evidence which the defendant introduced in this regard was furnished by the drivers and helpers of two of his fleet of trucks which make regular deliveries in the vicinity of the locus of the accident, and by the defendant's sales manager. Their testimony was to the effect that they were not involved in any such accident as the plaintiff described, and to other facts which tended to indicate that it was improbable that any other of defendant's trucks were present in this particular alleyway at the time of the accident. Testimony, of a negative character, was also given by other witnesses who were in the general vicinity, but not at the scene of the accident at the time it occurred, to the effect that they had no knowledge of such an occurrence.

While the evidence adduced by the defendant at the trial tends to show that it.was improbable that its trucks or servants were involved in the accident, there was no positive evidence of such. Nor was the defendant's evidence "strong and clear" to that effect. Therefore, the questions of ownership and agency were properly submitted to the jury for its determination. The jury is the proper trier of such disputed facts and inferences to be drawn therefrom. It is not the province of this court to usurp the jury's function and indulge in our own speculations and inferences from disputed evidence. We cannot say that the verdict rendered thereon was contrary to the great weight of evidence.

Appellant's assignments of error 39, 42, 43, and 45, assert that the trial court committed error in permitting hypothetical questions to be asked of appellees' expert medical witness. Appellant's contention of error is based on the theory that these hypothetical questions assume facts which were not in evidence. Counsel for appellant made timely objection to the questions and one of his grounds of objection was that the questions were predicated on facts not in evidence. However, to put the trial court in error, it is necessary that the objections to hypothetical questions point out definitely and specifically the vice inherent in the question. Although appellant's counsel generally stated his grounds of objection, he failed to point out to the trial court in what particular these questions were objectionable. Therefore, the trial court was not in error in overruling the objections. Long Distance Telephone & Telegraph Co. v. Schmidt, 157 Ala. 391, 47 So. 731; Birmingham Electric Co. v. Glenn, 224

**56**

Ala. 620, 141 So. 537; 4 C.J.S., Appeal and Error, § 295 b (1), p. 588; II Elliott on Evidence, § 883, p. 162.

It is also contended that the following argument made to the jury by counsel for the plaintiff was error:

> "Now, why would this lady [plaintiff] lie about it? Mr. Friend says, now, we are not accusing her of being a liar. He is a fine lawyer, and he says, now, we are not calling her a liar. No, sir, but, then he argues to you these various things which means, gentlemen of the jury, if you believe his version of it she is a liar. So, it just boils down, let's just call a spade a spade, we are all grown men, just call a spade a spade, if you say by your verdict, gentlemen of the jury, that this good lady and her husband are not entitled to recover damages from Barber Pure Milk Company on this occasion, that doesn't mean anything in the world except this young lady willfully and purposely committed perjury."

 Traditionally, considerable latitude is allowed counsel in arguing the evidence and the reasonable inferences to be drawn therefrom. Trial courts will not be put in error in this particular unless there was a clear abuse of discretion, and the argument objected to was of such a character that it could not be eradicated from the minds of the jury by proper instruction.

Illustrative of the above rule is the case of Brown v. Johnston Brothers, 135 Ala. 608, 33 So. 683, 684. This was an action on a promissory note, wherein it was argued by counsel for the plaintiff concerning pleas of defendant including one of *non est factum,* "'If these pleas be true, then they charge the plaintiffs with forgery.'" It was argued on appeal that the remarks were manifestly improper and should have been excluded on the objection made by the defendant that the pleas did not charge the plaintiffs with forgery, nor was it necessary to charge them with forgery to avoid liability. This court held:

> "The remarks of counsel in argument to the jury, excepted to, were but the expression of counsel's opinion as to the effect of the special plea of *non est factum,* and not the statement of a fact not in evidence, and prejudicial to the defendant, such as calls for the court's interference by arresting the argument. * * *"

 We cannot say that the trial court abused its discretion in failing to sustain objections to the quoted portion of counsel's argument in this cause.

We have given careful consideration to the remaining assignments of error urged on appeal and conclude that none of them would justify a reversal of the jury's verdict and the court's judgment thereon. Accordingly, each of the judgments of the lower court is due to be, and is hereby, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.