All the Justices concur.

113 So.2d 501

**ST. LOUIS–SAN FRANCISCO RAILWAY CO.**

v.

**COLSON LUMBER COMPANY et al.**

2 Div. 399.

Supreme Court of Alabama.

June 25, 1959.

Lloyd & Dinning, Demopolis, for appellant.

David M. Hall, Eutaw, for appellee Colson Lumber Co.

Ralph Banks, Jr., Eutaw, for appellee Fleming.

STAKELY, Justice.

This is a suit brought by the St. Louis-San Francisco Railway Company, a corporation (appellant), against Colson Lumber Company, a partnership, and James Clyde Fleming (appellees), for damages to the engine and train which occurred when a truck described as "the logger's dream", driven by one John Nixon collided with the engine of the appellant's train at the intersection of so-called Tishabee Road and the Frisco Track in Greene County, Alabama, a few miles from Boligee, Alabama. The accident occurred on February 7, 1957.

At the close of plaintiff's evidence the court gave the general affirmative charge in favor of the appellees on the theory that the defendants had not been connected with the accident involved in the suit. Upon argument of attorneys, however, the court very patiently reopened the case for trial and heard further testimony on the status of John Nixon, the driver of the truck. After this additional testimony had been heard, however, the court again gave the general affirmative charge for each of the defendants. Subsequently a motion for new trial was overruled by the court and this appeal followed.

The testimony tends to show that at the time of the accident a truck described as "the logger's dream", driven by one John Nixon, collided with one of appellant's engines at the time and place to which we have referred. The engineer saw the truck when his train was some distance away from the crossing and did everything that he could do to warn the driver of the truck of the approaching train. Among other things, the brakes were put on and the track was sanded, but despite this, the train ran about 1,000 feet beyond the crossing, dragging the truck along with it. According to the testimony of John Nixon, he saw the approaching train and did everything he could do to stop his truck, but the brakes did not work. It seems that another driver employed by the same company as John Nixon was, was riding with Nixon at the time of the accident. The truck driven by the other employee had broken down. When the occupants of the truck saw that the truck could not be stopped, Nixon jumped from the truck on one side of the highway and the other man, Ed Brooks, jumped from the truck on the other side of the highway. The truck continued on and ran into the side of the train with the result which has been described. The court gave the affirmative charge for the defendants on the theory that the defendants had not been connected with the accident, the idea being that there was no proof showing that John Nixon was driving the truck for the defendants or either of them. In fact, this case turns on the question as to whether or not there was sufficient evidence to go to the jury showing that Nixon was the driver of the truck of the defendants.

As we have stated, the court on the request of counsel reopened the case and very patiently heard further testimony of the connection of the driver with the defendants. There is a good deal of testimony of a vague and uncertain nature showing that at the time and place of the accident John Nixon was employed by the Colson Lumber Company, or as he sometimes put it, by Mr. Colson. In this jurisdiction we have the rule that there need be only a scintilla of evidence to require reference of the issue to the jury for decision. As we have said, where there is a scintilla afforded from the evidence to sustain the issue, the court is duty bound to submit the question to the jury. Barber v. Stephenson, 260 Ala. 151, 69 So.2d 251.

In the case at bar upon a consideration of the evidence we think that there was such a scintilla of evidence as to require the issue to be submitted to the jury as to whether or not John Nixon was driving the truck for and on behalf of the Colson Lumber Company at the time of the accident.

Further upon a consideration of the entire record, we think there is evidence tending to show that the truck was owned and being operated by the defendants. The proof shows that the Colson Lumber Company supplied the driver and the defendant Fleming supplied the truck. The truck was rented on a basis of a 1,000 feet of logs handled.

It is the settled law in this state that where there is proof of defendants' ownership of the truck, a rebuttable presumption arises that the driver of the truck was acting within the scope of his employment as servant or agent of the defendants.

We do not think there was any testimony in clear rebuttal of this presumption and therefore it seems to us that the court was in error in giving the affirmative charge. The principle to which we have alluded has been established by our cases. Barber Pure Milk Co. v. Holmes, 264 Ala. 45, 84 So.2d 345; Tullis v. Blue, 216 Ala. 577, 114 So. 185; Peoples v. Seamon, 249 Ala. 284, 31 So.2d 88. In the last cited case this court had before it a case similar in principle to the instant case.

It results that the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.

LAWSON, MERRILL and GOODWYN, JJ., concur.