Zimmerman, J.
It is the general rule in Ohio and elsewhere that in the trial of causes matters of evidence and the inferences to be drawn therefrom relate to the remedy and not to the right, and, consequently, the law of the forum governs such matters. 9 Ohio Jurisprudence (2d), 829, 830, Sections 114, 115; 11 American Jurisprudence, 521, Section 203; 15 Corpus Juris Secundum, 955, Conflict of Laws, Section 22; and Restatement of the Law of Conflict of Laws, 710, Section 595. We can discover no good reason why such rule should not apply in the instant case.
Under the evidence produced by plaintiff, did he make a prima facie case against defendant requiring the latter to go forward with its evidence?
Home cases hold that proof of the ownership of a vehicle raises a rebuttable presumption or an inference that the driver of the vehicle at a particular time was the owner’s agent and acting for him. 5 American Jurisprudence, 869, Section 662. Other cases hold that mere proof of ownership of a pleasure vehicle does not create a presumption or raise an inference that the person driving it at the time of an injury was the owner’s agent acting for him; but as to commercial vehicles the rule is different because ordinarily the use of such type of vehicle is in the owner’s business. 5 American Jurisprudence, 871, Section 664.
However, Ohio is firmly committed to the rule that mere proof of the ownership of an instrumentality is not enough to permit an inference that the one operating it at a given time was the owner’s employee or agent acting for or on behalf of his employer or principal. White Oak Coal Co. v. Rivoux, Admx., 88 Ohio St., 18, 102 N. E., 302, 46 L. R. A. (N. S.) 1091, Ann. *525 Cas. 1914C, 1082; Bretzfelder v. Demaree, 102 Ohio St., 105, 130 N. E., 505; Halkias v. Wilkoff Co., 141 Ohio St., 139, 47 N. E. (2d), 199; Jackson v. Frederick, 152 Ohio St., 423, 89 N. E. (2d), 645; and Gulla v. Straus, 154 Ohio St., 193, 93 N. E. (2d), 662.
This brings us to the ease of Sobolovitz v. Lubric Oil Co., supra (107 Ohio St., 204). There, plaintiff was injured by a moving motor truck which did not belong to a certificated carrier. One witness testified he saw the words, “The Lubric,” inscribed on the truck. It was held that, although such evidence would support the inference that defendant owned the truck (annotation, 27 A. L. R. [2d], 167), it would not warrant the further inference that the truck was being driven, when the injury occurred, by an employee of the defendant on defendant’s business. That holding accounts for the second paragraph of the syllabus in the Sobolovitz case, which reads:
“An inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence.”
The phrase, “basing an inference upon an inference,” is frequently misunderstood and improperly applied. In the case of Gero v. John Hancock Mitual Life Ins. Co., 111 Vt., 462, 480, 18 A. (2d), 154, 163, it is said:
“The only inferences of fact which the law recognizes are immediate inferences from the facts proved. * * * But a given state of facts proven to the satisfaction of the jury may give rise to two or even more separate inferences, and in such a case one inference is not built upon the other, each is drawn independently from the same evidence.”
See Hozian, an Infant, v. Crucible Steel Casting Co., 132 Ohio St., 453, 9 N. E. (2d), 143, 112 A. L. R., 333, and Hurt v. Charles J. Rogers Transportation Co., 164 Ohio St., 329, 130 N. E. (2d), 820, in which latter case parallel inferences and their validity are discussed. It is of course basic that an inference can not be predicated upon a fact the existence of which rests on another inference. For example, if a seasick passenger on a ship in mid-ocean was last seen standing by the rail and he then *526 disappeared completely, the inference may properly be drawn that he fell overboard and was drowned, but the additional inference that he intentionally jumped overboard and committed suicide can not be indulged. However, if it is shown that the passenger was in desperate financial and domestic trouble, was visibly depressed and had on several occasions threatened to do away with himself, then from such facts the inference can be drawn that he deliberately threw himself overboard and committed suicide. Again, if a pedestrian was observed walking along a road and he was found unconscious and injured at the side of the road immediately after the passing of an automobile, it may logically be inferred that such automobile struck him, but it can not be inferred further that the driver of the car was negligent.
By the decided weight of authority, it is established that, where a commercial vehicle travelling on a highway bears the name of a person, a rebuttable presumption or an inference arises not only that such person owns it but that it is being operated in his business. 9B Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.), 525, Section 6056; Callas v. Independent Taxi Owners’ Assn., Inc., 62 App. Div., 212, 66 F. (2d), 192 (certiorari denied, 290 U. S., 669, 78 L. Ed., 578, 54 S. Ct., 89); Barber Pure Milk Co. v. Holmes, 264 Ala., 45, 84 So. (2d), 345; Howell v. J. Mandelbaum & Sons, 160 Iowa, 119, 140 N. W., 397, Ann. Cas. 1915D, 349; Capozi v. Hearst Publishing Co., Inc., 371 Pa., 503, 92 A. (.2d), 177: Fullerton v. Motor Express, Inc., 375 Pa., 173, 100 A. (2d), 73: Walker v. Johnston (Tex. Civ. App.), 236 S. W. (2d), 534 (writ of error denied by Supreme Court); and Capello’s Admr. v. Aero Mayflower Transit Co., 116 Vt., 64, 68 A. (2d), 913.
In the opinion in Callas v. Independent Taxi Owners’ Assn., Inc., supra, appears the following language:
‘ ‘ So far as the liability of the defendant was concerned, the plaintiffs’ case rested wholly upon a presumption. There was no direct evidence as to who was the owner of the truck that inflicted the injury, nor as to who was in charge of it when the collision occurred. There was evidence, however, that the truck *527 bore the name of the defendant company. This was sufficient to establish, not only a prima facies that the defendants were the owners of the truck, but also that it was then in charge of their servant or employee. This was presumptive evidence, and, as has frequently been ruled, was quite sufficient to carry the case to the jury.”
In Capello’s Admr. v. Aero Mayflower Transit Co., supra, the court expressed itself as follows:
“Defendant’s name upon the truck was prima facie proof that the defendant owned it. * * * Defendant’s name upon the truck was also prima facie proof that the defendant had its custody and control, whether it owned it or not. * * * Prom this evidence, plus the evidence that the truck was being driven upon the highway, a presumption arises that at the time it was being operated in the regular course of his employment by an agent or servant of the defendant, its owner or custodian. In so holding we apply the rule given in Gero v. John Hancock Mutual Life Ins. Co., 111 Vt., 462, 479, 480, 18 A. (2d), 154, that a given state of facts may give rise to two or more inferences, and in such case one inference is not built upon another, but each is drawn separately from the same evidence.”
And, in Fullerton v. Motor Express, Inc., supra, it is said in the course of the opinion:
“Any business organization which permits a commercial conveyance to ply the public highways prominently proclaiming its name owes a duty to the public to stand by that voluntary self-advertising proclamation. That responsibility, of course, is not absolute. The named firm may introduce evidence to show that the identifying trappings were camouflage, or innocent coincidence, or that, although admitting ownership of the vehicle, the driver thereof ignored instructions * *
The rule adopted in the above-cited cases appeals to us as logical and sensible, especially in this modern day of numerous paved highways travelled by millions of pleasure and commercial motor vehicles and all too many reckless and “hit-skip” drivers.
Since, in the instant case, there was a directed verdict *528 against plaintiff at the close of his evidence in chief, the evidence he presented must be construed most strongly in his favor, and, of course, we are not here concerned with the credibility of such evidence.
Plaintiff produced testimony which, if believed, established negligence on the part of the driver of a commercial motor truck, which truck bore defendant’s name and distinctive markings with ICC and PUCO permits and numbers. Such truck was far from its home base and was travelling over a route it was authorized to use, and, under the decisions of this court in the cases of Simon, a Minor, v. McCullough Transfer Co., Inc., 155 Ohio St., 104, 98 N. E. (2d), 19, and Thornberry v. Oyler Bros., Inc., 164 Ohio St., 395,131 N. E. (2d), 383, it would make no difference whether it was being driven by an employee of defendant or by an independent contractor acting for it. See, also, 2 Restatement of the Law of Torts, 1149, Section 428.
Upon the evidence adduced, we believe that plaintiff made a prima facie case of liability against defendant, and that it is incumbent upon defendant to meet the case so made, if it can, by showing that the offending motor truck did not belong to it, or that, at the time of the collision, it was not being used in its business. Surely information of that sort would be peculiarly within the defendant’s possession. So far as it conflicts with this opinion, the case of Sobolovitz v. Lubric Oil Co., supra, is overruled.
The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings.

Judgment reversed.

Weygandt, C. J., Matthias, Bell, Herbert and Peck, JJ., concur.