Taft, J.,
dissenting. I have great difficulty in reconciling paragraph three of the syllabus and this decision with the determinations and pronouncements of law made by this court not only in Sobolovitz v. Lubric Oil Co., 107 Ohio St., 204, 140 N. E., 634, but also in White Oak Coal Co. v. Rivoux, Admx., 88 Ohio St., 18, 102 N. E., 302, 46 L. R. A. (N. S.), 1091, Ann. Cas. 1914C, 1082, Halkias v. Wilkoff Co., 141 Ohio St., 139, 47 N. E. (2d), 199, Jackson v. Frederick, 152 Ohio St., 423, 89 N. E. (2d), 645, Simon, a Minor, v. McCullough Transfer Co., Inc., 155 Ohio St., 104, 98 N. E. (2d), 19 and Thornberry v. Oyler Bros., Inc., 164 Ohio St., 395, 131 N. E. (2d), 383.
It may be reasonable, as was contended in the Simon and Thornberry cases, to hold that, where a commercial motor truck bearing ICC or PUCO permits and numbers was being operated on a highway it was authorized under such permits to use, a rebuttable presumption or inference arises that such truck was being operated on the business of the owner of those permits at the time. The writer of this opinion was inclined to that view when the Simon case was before this court but believed that the decision and pronouncements being made in deciding that case were not unreasonable, and therefore, for the sake of unanimity, concurred therein.
This court in those two cases without any dissent refused to recognize any such presumption or inference as a justification for submission of those cases to a jury.
In each of those cases, there was direct evidence that the permit or permits on the vehicle involved were those of the defendant. There is no such evidence in the instant case. That fact must be. inferred from the evidence as to the name on the truck and the evidence that there were some unidentified permit numbers on the truck. Having inferred that fact (that the permits on the vehicle involved in the instant case were Glenn permits), that fact must then be used as the necessary foundation for a further inference that the truck was being operated on the business of Glenn. Although the presence of the Glenn certificate on the truck would do away with the necessity of estab *530 listing that the operator of the truck was Glenn’s agent, under those two decisions, a case for the jury against Glenn could not be established unless it was further proved that the truck was operated on the business of Glenn although operated by an independent contractor.
It appears to me unfortunate that this court should, in paragraph three of the syllabus of and in deciding this case, disturb so many of its precedents. The function of changing the law as determined and announced in so many of our precedents would appear to be properly a legislative rather than a judicial function.