SHORES, Justice.
This is an appeal by the plaintiffs, George and Jean Fears, from a judgment rendered on a jury verdict in favor of the defendant in a negligence action. First, they argue that the jury’s verdict is contrary to the evidence. Second, they argue that defense counsel’s closing argument, which included a reference to law inapplicable to this case, prejudiced the jury beyond repair.
George Fears, Ronald Angermuler, William Dunning, and the defendant, James McNamara, were all participating in a golf tournament. George Fears had driven the cart to the 10th hole. When he parked the cart, he left the wheels turned to the right. While Fears was only a few feet from the cart, someone asked McNamara to move the cart. Exactly who asked McNamara to move the cart was in dispute.
McNamara began to move the cart. As the cart moved, it swung to the right, the direction in which the wheels were turned, hit Fears and knocked him to the ground, injuring him. Alleging negligence, Fears sued McNamara for damages for personal injury; his wife Jean also sued McNamara, alleging a loss of consortium. The jury found for McNamara on both claims.
The credibility and weight of the evidence presented at trial is for the jury to determine and the jury’s verdict is not easily set aside by the court. Stokes v. Long-Lewis Ford, Inc., 549 So.2d 51 (Ala.1989). Whether a new trial will be granted is determined by this inquiry: was the verdict against the great weight and preponderance of the evidence? First Nat’l Bank v. Rikki Tikki Tavi, Inc., 445 So.2d 889 (Ala.1984).
Sufficient evidence was presented by the appellee at trial to support the verdict. At trial, Angermuler testified that Fears was approaching the cart when he was struck by it. There was also testimony that Fears himself had asked McNamara to move the cart. We assume that the jury made those findings of fact necessary to support the verdict; relying on this evidence, the jury could have found that George Fears was contributorily negligent; therefore, the verdict was supported by the evidence and was not contrary to the great weight and preponderance of it.
McNamara’s counsel used the guest passenger statute, which is not applicable to this case, to illustrate to the jury the principle of contributory negligence. Although counsel’s argument was not recorded, the record indicates that the judge’s instructions adequately informed the jury of the applicable law. We note that the Fearses did not object to those instructions. Furthermore, the Fearses agreed that the argument was not made to mislead the jury as to the applicable law. Counsel is usually given considerable latitude in arguing the evidence to the jury. Trial courts can permit this latitude so long as the argument causes no ineradicable prejudice. Barber Pure Milk Co. v. Holmes, 264 Ala. 45, 84 So.2d 345 (1955). No such prejudice appears in the record.
Therefore, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.