MADDOX, Justice.
The plaintiff appeals from a summary judgment. The issue is whether the plaintiffs testimony that the defendant’s name and distinctive paint scheme were painted on the truck that caused the plaintiffs injuries is sufficient to establish a prima facie case that the truck was owned by the defendant and that the driver of the truck was using it within the scope of his employment as an agent of the defendant.
Joseph A. Credeur alleges that while operating an 18-wheel tractor-trailer rig he attempted to avoid a collision with another 18-wheel truck that he says was owned and operated by J.B. Hunt Transport, Inc., and that while he was making that attempt his truck overturned. Credeur alleges that the driver of the truck operated by J.B. Hunt Transport, Inc., made an unlawful lane change, that that unlawful lane change caused the accident, and that in the accident Credeur suffered serious personal injuries. The truck did not stop at the accident scene. Credeur sued J.B. Hunt Transport, Inc., for damages for his injuries. The trial court entered a summary judgment in favor of the defendant. Credeur appeals.
*934 “In reviewing the disposition of a motion for summary judgment, we utilize the same standard as ... the trial court in determining whether the evidence before [it] made out a genuine issue of material fact” and, if not, whether the movant was “entitled to a judgment as a matter of law.” Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988); Rule 56(c), A.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Foimders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989); § 12-21-12, Ala.Code 1975.
Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmov-ant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
Credeur contends that the trial court entered the summary judgment based on the conclusion that there was no proof that the defendant’s truck was involved in the accident and no proof that the truck was being operated by a servant or employee of the defendant; he contends that that conclusion was improper. Credeur argues that Barber Pure Milk Co. v. Holmes, 264 Ala. 45, 84 So.2d 345 (1955), applies. J.B. Hunt, the defendant, contends that Credeur offered no evidence that the defendant owned and operated the tractor-trailer other than the plaintiffs own testimony that the name “J.B. Hunt” appeared on the rear door of the trailer, and, thus, that Barber is not applicable. We disagree with the defendant.
In Barber, the plaintiff testified that as she approached an alleyway, she saw a milk truck drive into the alley that crossed the sidewalk on which she was walking. The plaintiff described the truck as being cream colored and bearing the name “Barber Pure Milk” in red letters. The plaintiff testified that as she approached the truck, the rear door of the truck opened in a sudden manner and struck her in the head. The plaintiff had no knowledge of what happened from the time she was struck by the door of the truck until she regained consciousness that afternoon in the office of the physician of the Barber Milk Company. A few days following the accident, the plaintiff identified a truck on the defendant’s premises as being the same truck that had hit her or as being “similar” to the truck that hit her. At trial she also identified photographs of one truck out of the defendant’s fleet of trucks as being similar to the one that caused her injury. No witnesses other than the plaintiff testified concerning the actual occurrences that led to her injury. The defendant’s evidence was negative and tended to show that none of its trucks was involved in the accident. The jury returned a verdict for the plaintiff, and the defendant appealed.
On appeal, the defendant contended that the plaintiffs evidence was insufficient to establish a prima facie case that the truck that caused the plaintiffs injury was owned by the defendant and that the person in possession and control of the truck was an agent or servant of the defendant and was acting within the line and scope of his employment when the plaintiff was injured. This Court disagreed with the defendant’s contention and pointed out that “the fact that the name of the defendant was painted or inscribed in some manner on the motor vehicle which inflicted the injury sued for raises a presumption, or is prima facie evidence, that the defendant owned [the] vehicle, and that the driver was using it in [the] defendant’s behalf.” Barber, 264 Ala. at 54, 84 So.2d at 352, quoting 9B Blashfield’s Cyclopedia of Automobile Law and Practice, § 6056, p. 525.
Credeur contends that this case is similar to the Barber case; he argues that he established a prima facie case that the defendant owned the truck that caused his injuries and that the truck was being operated on behalf of the defendant at the time of the accident. Credeur argues that he was very familiar with the distinctive paint scheme and the lettering of the defendant’s name on its trucks. He testified that the truck that *935 caused his accident was painted with the yellow paint scheme and the bold black lettering that he says is distinctive to the defendant’s trucks and that the defendant’s name was painted on the truck. At his deposition, he was able to describe the distinctive J.B. Hunt lettering and paint scheme that he says he had seen on the truck that caused his accident.
At the time of the accident the defendant operated approximately 350 tractors and over 4,000 trailers out of its Atlanta, Georgia, terminal. The defendant did not disclose where any of its trucks were on the night of the accident and cannot show that one of the trucks was not involved. Applying Barber, we conclude -that the plaintiffs evidence establishes a prima facie case that the truck that caused his accident was owned by the defendant and was being operated on behalf of the defendant when it caused the accident. Therefore, we conclude that J.B. Hunt did not make a prima facie showing that there was no genuine issue of material fact.
The defendant also argues that James Cor-so, a truck driver who was following behind Credeur when the accident occurred, is an independent eyewitness. Corso testified that, although he was familiar with the color and design of J.B. Hunt trucks, he could not identify the truck as a J.B. Hunt truck. However, the defendant does not state whether Corso’s inability to identify the truck was due to the nighttime conditions, distance, or some other impairment.
Based on the foregoing, we hold that the plaintiff established a prima facie case that the defendant owned the truck that caused his injuries and that it was being operated on behalf of the defendant when it caused those injuries. Accordingly, we reverse the summary judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.