165 So.2d 882 (1964)
Tony GUERRA and Violet Trapping Company, Inc.
v.
W. J. YOUNG CONSTRUCTION COMPANY, Inc., Ples Jennings, Jr., and Insurance Company of North America.
No. 1450.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1964.
Rehearing Denied July 15, 1964.
*884 Lemle & Kellerher, Allen R. Fontenot, New Orleans, for defendants-appellants.
John W. Bryan, Jr., New Orleans, Edgar Quillin, Arabi, for plaintiffs-appellees.
Before McBRIDE, YARRUT and CHASEZ, JJ.
CHASEZ, Judge.
Plaintiff Tony Guerra was the driver of a truck owned by plaintiff Violet Trapping Company, Inc., when that truck was struck on February 2, 1962, by a tire from another truck owned by defendant W. F. Young Construction Company, Inc., driven by defendant Ples Jennings, Jr., and insured by defendant Insurance Company of North America.
Defendants appeal from a judgment upon a jury's verdict against all three defendants, in favor of Guerra for his personal injury in the amount of $29,500.00, and in favor of Violet Trapping Company, Inc., for damages to its truck in the amount of $240.36.
Plaintiff Guerra has answered the appeal, seeking an increase in the judgment in his favor to $64,532.35.
The accident occurred when one of the left rear wheels on defendants' truck trailer came off and rolled into the right front *885 of plaintiffs' truck, which was coming from the opposite direction and was just about to pass defendants' truck.
Plaintiff pleads the negligence of defendants and the doctrine of res ipsa loquitur.
Contributory negligence is not involved. Thus the first question is whether the accident was caused by fault attributable to defendants.
The trial judge charged the jury on res ipsa loquitur, and this characterization of cases of wheels becoming detached is correct; Ross v. Tynes, 14 So.2d 80 (La. App.1943), cert. denied. The Court there observed:
"In our opinion the facts of this case, which are not in dispute, present a classic example of the proper application of the doctrine of res ipsa loquitur. Plaintiff was killed while walking on the sidewalk by a double wheel which became detached from a passing truck. It follows that there is an inference, or presumption of negligence on the part of defendants. In other words, when an injury is caused by an instrumentality under the exclusive control of the defendant, as in this case, and it is such as would not ordinarily happen if the party having control of the instrumentality had used proper care, there arises an inference or presumption of negligence. * * *"
Defendants attempt to distinguish that case on the fact that there the case of the wheel detachment was rather clear, while in the present case the cause is not so clear. Even if defendant's negligence in that case were so clear that plaintiff there could have won without pleading and urging res ipsa loquitur, we are satisfied that the res ipsa doctrine is applicable in detached wheel cases against the party who had the vehicle within his entire and exclusive control. Defendants (with the exception of the driver) were thus charged with the burden of exculpating themselves, of exonerating themselves from the inference of negligence arising from the happening itself.
We except the defendant driver, Ples Jennings, Jr., from the application of the res ipsa rule, since he was not in exclusive control but merely the driver of the truck. No improper driving on his part is suggested by the evidence, nor can it be inferred from the mere fact that the wheel became detached. Accordingly the judgment appealed from, insofar as Ples Jennings, Jr., is concerned, must be reversed.
The owner of the truck and its insurer, against whom we apply the doctrine of res ipsa loquitur, have not shown their freedom from negligence. Unfortunately, the truck owner, defendant W. J. Young Construction Company, Inc., did not preserve the broken lug studs, nor were they in position to show how the studs broke, causing the wheel to become detached. They speculate that structural metal failure in the studs caused the breaking, claiming a latent defect, but their loss of the studs both prevented them from being able to prove their hypothesis, and at the same time deprived plaintiffs of the opportunity to prove the contrary. The jury was obviously not satisfied, from the general testimony given relative to the defendant truck owner's maintenance of its truck wheels, that defendant exercised all reasonable care, especially under the circumstance that the truck was regularly driven over fields containing stumps, etc., in the owner's ordinary use of the truck.
We would here make the general observation that, while some of the rulings complained of may be considered violative of certain rules of evidence, still the evidence that is in the record indicates liability, and this Court is the judge of law and of fact; and this Court finds, regardless of the suggested errors, that the judgment is correct.
Defendants first complain that it was reversible error for the trial judge to decline to rule on whether or not Lawrence *886 J. Vincent was an expert, entitled to give opinion testimony on the service and maintenance of wheels of the kind involved. By overruling defendants and allowing Vincent to give opinion evidence the Court in effect accepted Vincent as an expert. We find Vincent was shown to be qualified as an expert, and the court's admission of his testimony was not erroneous.
Defendants' second complaint is over the refusal of the trial judge to permit full cross-examination of Vincent in respect to a maintenance manual, to which Vincent had referred in his direct examination. We have examined the manual especially at the page referred to by counsel, and find nothing which either weakens or is inconsistent with Vincent's testimony. The general tenor of Vincent's testimony was simply that improper installation and maintenance of wheels or overloading of wheels, might cause breaking of the wheel or lugs. While generally cross-examination of an expert by reading excerpts from the book he has based his opinion is permissible, 58 Am.Jur. Witnesses, Sec. 846, under the circumstances of this case, the refusal to allow cross-examination by reading from the manual did no real harm to defendants, and, therefore, did not constitute error sufficient to be grounds for reversal.
Defendants' third complaint was that the trial judge refused to admit evidence that defendant Young had operated a great number of similar vehicles for years without any wheel having become detached. Defendant's counsel asked the question whether a witness knew of any other instance of a wheel becoming detached during the past 18 years, and the court ruled: "Whether or not another accident happened is beside the point. Maintenance is another point." We agree that this question was not material. The Court again ruled, later in the trial, that "the number of miles other units may have travelled is immaterial to the issues in this case", and we are again in accord. There was no ruling which refused evidence of the maintenance employed, and there was other evidence admitted tending to show that similar maintenance practices were employed by other large trucking operators. The rulings complained of were correct.
Defendants' fourth complaint is that the trial judge erred in instructing the jury to disregard plaintiff Guerra's testimony that his treating physician had said he "didn't know" whether plaintiff's condition was caused by the accident. The learned trial judge erred in treating this testimony as excludable hearsay; it was admissible, not to show that the condition was not caused by the accident, but merely as a prior inconsistent statement affecting the credibility of the doctor's testimony at the trial relating plaintiff Guerra's condition to the accident. Wigmore on Evidence (3d ed.), Sec. 1018(a); Conrad, Modern Trial Evidence, Sec. 1153. However, the doctor himself, questioned about having told Guerra he "just couldn't say" whether the accident caused the condition, admitted it was possible he had made the statement, although he didn't recall having done so. While the testimony that the statement was in fact made, and not merely possibly made, should have been admitted, we cannot reverse on this ground where other expert testimony, especially the substantially uncontradicted testimony of the orthopedist, Dr. Battalora, establishes disability as caused by the accident.
Defendants' fifth complaint was to a hypothetical question assuming facts not suggested by the evidence. The trial judge, cautious not to invade the jury's province, ruled that it was for the jury to decide whether or not the evidence proved the facts upon which the hypothetical question was predicated. However, as to some of the facts supposed, there was no evidence in the record from which the jury could have based a finding of such facts; e. g., "loss of memory for 15 days", "pallor at the time of admission to the hospital, greyishness of the face". The province of the *887 jury is the determination of facts from the evidence; but the jury cannot find a fact, where there is no evidence to support such a factual conclusion. Because this is so as a matter of law, it is the judge's province to rule improper a hypothetical question predicated on facts unsupported by any evidence at all.
"* * * A fundamental principle of the law of evidence is that expert testimony given in response to hypothetical questions predicated on a statement of unproven facts, has no probative value and should not affect the outcome of the case. * * *" Brown v. Aetna Casualty & Surety Company, 96 So.2d 357 (La.App.1957), cert. denied.
Nevertheless, the question is not simply whether error has been committed, but whether the error was so prejudicial as to require reversal. The question actually asked was whether, assuming facts not in evidence, the doctor would "assume that this man suffered severe trauma", and the reply was affirmative. Other evidence fairly showed Guerra had in fact suffered severe trauma, and allowing the doctor's response did no harm to defendants' case.
Defendants' sixth allegation of error relates to the judge's refusal to permit the question whether plaintiff had filed any income tax returns for the five years prior to the accident. Defendants' pretrial subpoena duces tecum for the returns brought the admission to the judge (but not to the jury) that no returns has been filed. Defendants argued, from the practice of contradicting testimony of a plaintiff's earnings by showing lesser amounts from his income tax returns, that the fact no returns have been filed should be admitted in evidence to the jury. However, while income tax returns, showing smaller income than that testified to, are admissible as prior inconsistent statements, the absence of a return does not constitute a prior inconsistent statement, and is therefore not admissible on that ground. We believe the trial judge's refusal to allow the question was correct.
Defendants also complain of the trial judge's refusal to give the jury special charges requested by defendants. They requested six special charges, and all were refused. We agree that all the charges were properly refused, but we discuss only the three charges defendants argued fully in their brief.
Defendants' charges No. 3 and No. 6 are both objectionable because both of them asserted non-liability of a vehicle owner for accidents caused by latent defects in material not discoverable by reasonable inspection, and asserted a necessity for actual or constructive knowledge of the defect as a prerequisite to liability. Since there was no evidence of defective material (the lug studs having been lost by defendant Young), these charges would have been improper under the facts of this case, and were correctly refused.
Charge No. 5 sought to instruct the jury not to add any amount to the actual damages any sum designed to offset income tax on the recovery, since the recovery is nontaxable. The judge instructed the jury properly as to the compensatory nature of damages, and specifically listed nine items which the jury might consider.
Refusal to give the charge requested by defendants was not error. See 15 Am.Jur. Damages Sec. 369.
Defendants further argue generally that the verdict was contrary to the law and evidence. Our review of the entire record satisfies us that the verdict was not improper.
On quantum, plaintiff Tony Guerra as well as defendants are dissatisfied. Defendants argue over conflicting expert testimony about a heart ailment and other matters. But there is no conflicting testimony to contradict Dr. Battalora's testimony of aggravation of a pre-existing spondylolisthesis, which in his judgment *888 now renders plaintiff disabled from pursuing his former occupations of trapping and commercial shrimping. While Dr. Battalora's opinion as to aggravation is based on a trouble-free history related to him by plaintiff, other lay testimony in the record reasonably established, from the strenuous occupational activities of plaintiff prior to the accident, that he could not have then been suffering from the objective disabling symptoms found by Dr. Battalora through the usual orthopedic tests. Of course, recovery for aggravation of a pre-existing condition is settled in our law; see Cassreino v. Brown, 144 So.2d 608 (La. App.1962), and authorities there cited.
Plaintiff Guerra complains of the failure to give ten special charges requested by him, but we find these charges included in the judge's general charge, with one exception. The judge refused to charge the jury as to allowing future medical expenses as an element of damages. Since there was no evidence on the anticipated cost of future medical expenses, this charge was properly refused.
We find no reason either to decrease or to increase the quantum awarded by the jury, since under all the circumstances of this case we cannot say that the jury "abused its discretion in fixing the award", Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
Accordingly, for the foregoing reasons, the judgment appealed from is reversed as to defendant Ples Jennings, Jr., and it is now ordered, adjudged and decreed that there be judgment in favor of defendant Ples Jennings, Jr., and against plaintiffs, Tony Guerra and Violet Trapping Company, Inc., dismissing plaintiffs' demand against Ples Jennings, Jr.; but in all other respects the judgment appealed from is affirmed as to defendants W. J. Young Construction Company Inc., and Insurance Company of North America in solido at the cost of said defendants.
Reversed in part; affirmed in part.