DEARTH, APPELLANT, *v.* SELF ET AL., APPELLEES.

[Cite as Dearth v. Self, 8 Ohio App. 2d 33.]

**34**

(No. 286—Decided September 19, 1966.)

*Mr. Roger F. Redmond,* for appellant.
*Messrs. Metcalf & Thomas,* for appellees.

GRAY, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Washington County.

The facts are somewhat bizarre. On May 11, 1962, between the hours of 11:30 p. m. and midnight, plaintiff was driving a 1953 Dodge, four-door sedan in an easterly direction on U. S. Route 50A, a few miles east of Marietta, Ohio. The highway was a two-lane road 24 feet in width. At that time and place defendant Stanford was driving a tractor-trailer outfit, consisting of a 1956 Chevrolet tractor pulling a 1953 Trailmobile trailer, in a westerly direction.

When plaintiff was near the Silver Moon restaurant on Route 50A, he noticed sparks flying from the pavement about 300 feet ahead of him. A short time later, by the lights of the Silver Moon and approaching vehicles, he saw a tire and rim approaching him from the opposite direction in his lane of traffic. It was first bouncing but then settled down into a steady roll directly toward him.

Plaintiff testified that he immediately applied his brakes. He testified further that he was not able to avoid the tire and rim by maneuvering his automobile, due to trees abutting the highway and other traffic on the road. Plaintiff testified further that the tire and rim weighing between 125-150 pounds hit the front bumper and the impact smashed in the radiator and hood causing him severe personal injuries for which he seeks damages.

Plaintiff named Woodrow W. Self, Herbert Stanford and The Shaffer Trucking Company as defendants. In this case Stanford was identified as the driver of the tractor-trailer, Woodrow Self was identified the owner thereof, and it is admitted the tractor-trailer combination was under lease to de-

fendant The Shaffer Trucking Company. The petition alleges that at the time and place of the accident defendants were the owners, operators and/or lessees of the tractor-trailer outfit.

Plaintiff introduced his testimony, and at the conclusion thereof the trial court, on motion of defendants, directed a verdict on behalf of all three defendants. The case was tried on the theory that the doctrine of *res ipsa loquitur* applied. The court, in directing the verdict, stated that plaintiff failed in his proof because this doctrine could not be applied to multiple defendants in this instance.

Plaintiff, feeling aggrieved at this action of the trial court, filed his notice of appeal and assigned as errors the following:

1. The court erred in overruling plaintiff-appellant's motion for a new trial.

2. The court erred in granting defendant-appellees' motion for a directed verdict made at the end of plaintiff's evidence.

3. The court erred in instructing the jury to return a verdict for the defendants and against the plaintiff.

4. The court erred in entering judgment for the defendants and against the plaintiff on the verdict so directed.

5. The verdict and the judgment are contrary to law.

Concededly, the application of the doctrine of *res ipsa loquitur* to multiple defendants has given courts much trouble in the past, but certain well defined rules have been evolved in the process of dealing with this situation, which we believe will be dispositive of this issue.

Application of the doctrine has been refused in the following situations: Where multiple defendants have been involved, because the wrongdoer could not be identified among several defendants; where one of two defendants wholly independent of the other might be responsible for the injury; or where, under the facts, only one of them might have been negligent. It is recognized that, as a general proposition, where there are multiple defendants, any one of whom might have been at fault, it is ordinarily not proper to say that anyone had exclusive control of the instrumentality or that any one of them had or should have had exclusive knowledge as to how or why the accident occurred.

The rigid application of this rule in this case would lead to an anomalous result. If defendant Stanford had been nam-

ed the sole defendant there would have been no question about the application of the doctrine, but since two others were named defendants with him it was held that the doctrine does not apply. The doctrine applies because of the nature of the act and not the nature of the relation of the parties.

Therefore, courts have cut through the verbiage to look at the actual factual situation.

To that end the doctrine has been held applicable to a plurality of defendants where one of them is vicariously liable for the negligence of the other, as where one defendant was the principal and the other the agent, or where one defendant was the master and the other the servant.

In addition to the above facts, the defendants were charged as joint tortfeasors. We think that the word, "exclusive," when used to define the nature of the control necessary to invoke the doctrine means that the control can be had jointly by several persons and the defendants can be plural as well as singular. There was one single instrumentality in the hands of the defendants, which caused the injury and resultant damage.

The plaintiff should not be compelled to confine his action to one tortfeasor only, in order to be able to invoke the doctrine, provided the negligent acts of each defendant, as is required to make a joint liability, were concurrent and contributed to plaintiff's injury.

Thus, the question before us is really not whether the application of the rule relied on fits squarely into some judicial definition, rigidly construed, but whether the circumstances were such as to justify a finding that the casting of a wheel from the tractor-trailer into the opposite lane of traffic was the result of defendants' negligence in the maintenance and care of the tractor-trailer equipment. We conclude that the doctrine of *res ipsa loquitur* applied against all three defendants and that the matter should have been submitted to the jury.

We hold that the trial court committed prejudicial error in directing a verdict in favor of all three defendants and in overruling plaintiff's motion for a new trial.

*Judgment reversed.*

BROWN, P. J., and CARLISLE, J., concur.