**W. V. WILLIS, Respondent,**

v.

**TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation, Appellant.**

**No. 52380.**

Supreme Court of Missouri, Division No. 2.

Nov. 13, 1967.

Motion for Rehearing or to Transfer to Court En Banc Denied Dec. 11, 1967.

Jo B. Gardner, Monett, for plaintiff-respondent.

Robert C. Ely, David L. Campbell, St. Louis, for defendant-appellant.

EAGER, Justice.

Plaintiff, a passenger conductor on a Wabash train running between St. Louis and Decatur, Illinois, was injured on November 21, 1963, in a collision. He sued both the Wabash Railroad and the Terminal Railroad Association of St. Louis; he

recovered $30,500 (after a remittitur of $7,500) against the Terminal, but the jury's verdict was for the Wabash. The Terminal, only, has appealed.

At the time of his injury plaintiff was collecting tickets in the seventh car of a ten-car train, pulled by two diesel units. It was proceeding on the "West Belt Line" tracks of the Terminal and was on the "westward" track, which was not its usual run; plaintiff testified that the Terminal dispatcher had put them on that track and that they had the right of way. In any event, the Wabash train, moving at about five miles an hour, collided head on with a Terminal diesel unit or units pulling loaded freight cars and moving in the opposite direction. Plaintiff further testified that he felt the brake application and the collision at the "same time," and that there was no warning. He was thrown against and under a seat and lost consciousness for a short time, but he was able to and did make some investigation of the accident; thereafter he apparently "sat out" the rest of the trip letting others do the remainder of his work. At Decatur he went to the Wabash Employees' Hospital and was there for ten days; he later had from 24 to 26 treatments from a chiropractor. He resumed his work on January 9, 1964, but testified that his condition had, to the time of trial, caused him to lose from two to four trips a month. The medical evidence was somewhat contradictory, as might be expected, but plaintiff's theory was, generally, that the accident had activated an existing osteoarthritis in the cervical and lumbar regions of his spine, which had previously caused no pain, and that the conditions as of trial time were permanent. We shall not find it necessary to consider the injuries or the damages in any detail, although points are made in the briefs concerning them. There was no further testimony concerning the supposed negligence of either defendant except as already stated.

Plaintiff pleaded (Par. 3 of petition) that: "* * * defendants' locomotive, track, road-bed, switches and all other equipment in the complex of tracks then and there existing, including the control, operation, condition and maintenance thereof, and dispatching and directing locomotives and trains on said track, were exclusively within the control of defendants' agents, servants and employees other than plaintiff." He further pleaded that the collision was unusual and extraordinary and that it would not have been expected or anticipated without negligence of defendants' employees. It is not contended that this petition stated anything but general negligence. A joint answer was filed by the defendants and therein they admitted "the allegations of Paragraph 3" of the petition. At the close of all the evidence each defendant moved separately for a directed verdict; these motions were overruled. Plaintiff's verdict Instruction, No. 4, was as follows: "Your verdict must be for plaintiff if you believe:

"1st, The defendants caused their locomotive units to collide, and,

"2nd, Defendants were thereby negligent, and,

"3rd, As a direct result of such negligence the plaintiff sustained damage. (M. A.I. 17.01 (modified)—Offered by Plaintiff.)" As indicated, the jury returned a verdict against the Terminal for $38,000, reduced by remittitur to $30,500. Terminal filed its motion (a) for judgment, or (b) for a new trial. In (a) it raised the insufficiency of the evidence of defendant's negligence and also the insufficiency of the evidence to show whether the collision was caused by negligence of Terminal or Wabash. In (b) it raised, among other things, very specific allegations of error as to Instruction 4. These motions were overruled, one before and one after the remittitur.

We shall discuss, more or less as one point, the submissibility of the case on the res ipsa theory and the propriety of Instruction No. 4. Defendant Terminal says here: (1) that plaintiff failed to make a

submissible case of negligence against it; (2) that Instruction No. 4 assumed negligence of Terminal and did not require a finding of such as a causative factor; that it gave no guide to the jury for a determination of Terminal's negligence; and that, as a res ipsa submission, it was not supported by evidence of exclusive control on the part of Terminal and did not conform to MAI. It further complains of the instruction, if considered as a submission of specific negligence, but plaintiff expressly disclaims any such theory. Plaintiff says: that a submissible res ipsa case was made by the evidence and the answer of defendants, and that the instruction was proper on the admitted and proven facts; specifically, counsel say: "Since the verdict was for Wabash and against Terminal, and in view of the evidence, this admission can be narrowed to defendant Terminal." In other words, plaintiff's counsel seems now to say that since Wabash was exonerated, the admission of the joint answer may be considered as an admission by Terminal that *it* was in sole control. If such is the intent, we do not think that any such conclusion follows.

The doctrine of res ipsa loquitur has been discussed so many times that it would be foolish to review here its general import and meaning. In Layton v. Palmer, Mo., 309 S.W.2d 561, 66 A.L.R.2d 1242, the doctrine was concisely stated, at loc. cit. 564, as follows: "It is firmly established in our jurisprudence that the res ipsa loquitur doctrine only applies when: (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence. Clark v. Linwood Hotel, 365 Mo. 982, 291 S.W.2d 102, 104–105, and McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 559, 92 A.L.R. 641." We note, however, that in many authorities the requirement of control is referred to as "exclusive control." It must be conceded here that the head-on collision of two trains is an occurrence which does not ordinarily happen if all of those in charge use due care, and that as between plaintiff on one side and the two defendants on the other, the latter possessed superior knowledge or means of information as to the cause of the collision.

The underlying issue here is whether the evidence establishes such a measure of control in the defendants as to permit a submission against *both* on the theory of res ipsa loquitur. We have concluded that it does not. And, with reference to plaintiff's contention that the admission of the answer may now "be narrowed to defendant Terminal," we hold that this is not valid. The submission of a case, res ipsa or otherwise, must be proper *when made,*—not as supposedly modified or varied by the subsequent verdict. We have quoted paragraph 3 of the petition and the admission thereof in defendant's answer verbatim. We do not construe the admission as one that the defendants had *joint* control of each and all of the separate instrumentalities and functions, but simply as meaning that the defendants in the aggregate had control of all such, and not that they had or exercised a *joint* control of each and all such instrumentalities and functions. But even if we are wrong in that construction, we shall not permit such an admission to pervert the law as applied to the physical and the conceded facts; here everyone knew that the Wabash operated its own train, that the Terminal operated its train, and that (as plaintiff testified without contradiction) the Terminal dispatcher routed the Wabash train. Thus, there were separate instrumentalities and functions operated separately. We conclude that there was no true joint control on these facts.

The application of the doctrine of res ipsa loquitur to more than one defendant is not precluded, but the cases indicate that there must be a single instrumentality

(or group of instrumentalities) which is under the *joint* control of *both*. At least, the doctrine has generally been so applied. State ex rel. and to Use of Brancato v. Trimble, 322 Mo. 318, 18 S.W.2d 4; Estes v. Estes, Mo.App., 127 S.W.2d 78; Meny v. Carlson, 6 N.J. 82, 77 A.2d 245, 22 A.L.R. 2d 1160; Dearth v. Self, 8 Ohio App.2d 33, 220 N.E.2d 728; First Nat'l Bank of Arizona v. Otis Elevator Co., Inc. v. Maurer, 2 Ariz.App. 80, 406 P.2d 430; Biondini v. Amship Corp., 81 Cal.App.2d 751, 185 P.2d 94; Enslein v. Hudson & Manhattan R. R. Co., 8 Misc.2d 87, 165 N.Y.S.2d 630; Greet v. Otis Elevator Co. et al. (D.C.Ct.App.), 187 A.2d 896. Upon this theory the defendants may be in exclusive, *joint* control. Dearth, supra.

In Brancato, supra, plaintiff, a passenger in a car, sued her host driver and the owner of a bus with which the car collided. Only general negligence was pleaded as to each defendant. Submission as to both defendants was made on the res ipsa theory which the Court of Appeals held proper. On certiorari the opinion was quashed. This Court said, 18 S.W.2d loc. cit. 5 (quoting): "A standard text states the rule, as follows: 'The causative force of the injury must be shown to be controlled by the defendant; it must also appear that there was no other equally efficient proximate cause. If from the nature of the event causing the injury an inquiry naturally arises which one of two or more persons, acting independently, is responsible; or, if it appear that the injury was proximately caused by the independent acts of two or more persons, the application of the maxim is excluded by its terms.' 1 Sherman & Redfield on the Law of Negligence, § 58b(6d) p. 131."

In Estes, supra, plaintiff, a passenger, also sought to apply the doctrine in a suit against the host driver and the operator of the other car following a head-on collision; the case was so submitted. There was a verdict against both. Only the host driver appealed. The opinion is perhaps not too clear in some respects, but we construe it

as reversing the judgment because the case was submitted upon the res ipsa theory against two drivers, each operating his own instrumentality independently, and each only in exclusive control of his own. The Court thus said in part, 127 S.W.2d loc. cit. 81: " 'Where either one of two defendants wholly independent of each other may be responsible for the injury complained of, the rule of res ipsa loquitur, in accordance with the preceding principles, cannot be applied.' 45 C.J. pp. 1212, 1213, 1214. * * * 'The rule will not be applied where the evidence discloses that the injury might have occurred by reason of the concurrent negligence of two or more persons or causes, one of which was not under the management and control of the defendant.' 9 Blashfield Cyc. of Auto. Law and Practice, Permanent Edition, § 6046, page 302."

Plaintiff cites no cases on this substantive question, but we shall consider the case of Barb v. Farmers Ins. Exchange, Mo., 281 S.W.2d 297. There a pile of boxes left in a basement corridor or passageway fell on plaintiff and she was injured. She sued both the owner of the building and the lessee of certain basement space. The passageway was intended for the use of all tenants and their employees. The lessee had stacked the boxes of supplies in the passageway. Plaintiff was an employee of a tenant. The case was pleaded and submitted on the res ipsa theory as to both defendants. This Court held: that each *defendant owed plaintiff a duty to make and keep the passageway reasonably safe for invitees, and also a duty to remove hazardous conditions or obstructions;* that the defendants were "in concurrent control in a legal sense and in a factual sense with incidental duties to plaintiff although their duties were of different factual bases in *the circumstances surrounding the occurrence.*" The Court thus affirmed the judgment. The case is not controlling here because in that case there was clearly a joint, concurrent control of a single instrumentality.

We hold here that plaintiff did not make a submissible res ipsa case against both defendants, and since the case was submitted in that way, the entire submission was improper. We do not find it necessary to rule whether or not plaintiff might, on this or other evidence, make a res ipsa case solely against Terminal, as that question is not presented.

Plaintiff concedes that Instruction No. 4 submitted general negligence only; it was not in any form prescribed by MAI for a res ipsa instruction; nor do the MAI forms provide any such instruction for use as against two defendants (except by a reference to MAI 19.01, which would not correct the present difficulty) *or where control is an issue.* We rule the impropriety of the instruction by holding that the evidence did not support this or any other res ipsa submission against the defendants. The form actually used here was an attempted modification of MAI 17.01, which is provided for the submission of a single act of specific negligence. Other objections to the instruction are pointed out in defendant's brief, and these may be noted in the event of another trial. If considered as a submission of specific negligence (which plaintiff disclaims), the instruction does not hypothesize or require the finding of any act of specific negligence on the part of either defendant. Heiter v. Terminal R.R. Ass'n of St. Louis, Mo.App., 275 S.W.2d 612.

We find it unnecessary to discuss the several points concerning damages, the final argument or excessiveness. We have determined that, acting in our discretion, the case should be remanded in order that plaintiff may retry it against Terminal if he so desires, particularly in view of the comparative newness of the determinative issue which we have ruled. There is authority for such action under analogous circumstances. Homfeld v. Wilcoxon, Mo., 304 S.W.2d 806, 811; Cudney v. Midcontinent Airlines, Banc, 363 Mo. 922, 254 S.W.2d 662, 667; McClanahan v. St. Louis

Public Service Co., Banc, 363 Mo. 500, 251 S.W.2d 704, 709; Grissom v. Handley, Mo.App., 410 S.W.2d 681, and cases there cited. See also Rule 83.13, V.A.M.R.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

All of the Judges concur.