PIERCE, Judge.
Appellants Rose Powell and William C. Powell, her husband, appeal a final summary judgment entered by the Polk County Circuit Court in favor of appellee Kenneth Adair, one of the defendants therein, in a case wherein appellants, as plaintiffs, sought damages for injuries and property damage incurred as a result of a collision between an automobile and a tractor-trailer.
On May 4, 1966, .the Powells filed complaint against W. A. Henry, d/b./a W. A. Henry & Sons and Harold G. O’Quinn, alleging that on January 15, 1966, just before noon, O’Quinn, who was in the employ of Henry, was operating a truck owned by Henry, and drove it so carelessly that it collided with an automobile owned and operated by Powell, and wherein Mrs. Powell was a passenger, about 4.5 miles south of Dade City in Pasco County on State Road 35A, causing personal injuries to both Powells and damage to the automobile. The suit was filed in Polk County where the defendants resided.
Defenses were filed by defendants Henry and O’Quinn, whereupon interrogatories were propounded and answered, depositions were taken, and pre-trial conference held. Defendant Henry admitted ownership also of a trailer attached to the truck, which trailer bore license tag No. 5L585. After learning at the tag registry office that said license tag No. 5L585 had been issued to one Kenneth Adair for a semi-trailer, plaintiffs Powell, by leave of Court, filed amended complaint bringing in Adair as an additional defendant.
More depositions were taken and affidavits filed, from which it conclusively was established that the trailer was owned by Henry and not Adair. In due course, upon motion, summary judgment was entered in favor of defendant Adair. The instant appeal is from that summary judgment.
Only two questions are before this Court, namely, (1) whether the presumption that Adair owned the trailer by virtue of his license tag being thereon was overcome by the uncontradicted showing that the trailer actually belonged to Henry and *732 not Adair, and (2) whether a trailer is a “dangerous instrumentality” so as to render defendant Adair liable even if he had owned the trailer involved. We will take these questions up seriatim.
(1) The presumption of ownership of the trailer.
Adair concedes that because the license tag on the trailer involved had been issued to him, a prima facie presumption arose that he was the owner of the trailer. The able trial Judge so held, and we agree, upon authority of Farrelly v. Heuacker, 1935, 118 Fla. 340, 159 So. 24, and Florida Motor Lines v. Millian, 1946, 157 Fla. 21, 24 So.2d 710. But such presumption was rebuttable and “vanished” when uncontra-dicted evidence showed that the trailer did not in fact belong to him. The lower Court also so held, and we also agree. Aired v. Jones, Fla.App. 1966, 189 So.2d 226; Hudson v. Smith, Fla.App.1962, 135 So.2d 450; Leonetti v. Boone, Fla. 1954, 74 So.2d 551; Johnson v. Mills, Fla.1948, 37 So.2d 906.
Adair indisputably, by deposition and otherwise, established that the Miller tandem axle trailer involved in the accident, although it bore a license tag which had been issued to Adair was actually owned by defendant Henry. Adair did own a Kingham trailer, for which the license tag in question had been issued, but which was in no way involved in the accident. In some unknown manner the tag became affixed to Henry’s Miller trailer.
The presumption created by the license tag having been conclusively overcome by sworn evidence, which was in no way contradicted, there remained “nó genuine issue as to any material fact” as to the non-liability of Adair, and under Rule 1.510(c) R.C.P., 31 F.S.A., he was entitled to summary judgment.
(2) Whether a trailer is a dangerous instrumentality under Florida law.
The two opinions in the case of Southern Cotton Oil Company v. Anderson, 1917, 73 Fla. 432, 74 So. 975, and 1920, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255, the progenitor of all the Florida case law on the subject of dangerous instrumentality liability, laid down the rule that a motor vehicle operated on the public highway is a dangerous instrumentality, and the owner who entrusts it to another to operate is liable for injury caused to others by the negligence of the person to whom it is entrusted. Both Southern Oil Company opinions make clear that—
“The principles of the common law do not permit the owner of an instrumentality that is not dangerous per se, but is peculiarly dangerous in its operation, to authorize another to use such instrumentality on the public highways without imposing upon such owner liability for negligent use. The liability grows out of the obligation of the owner to have the vehicle, that is not inherently dangerous per se, but peculiarly dangerous in its use, properly operated when it is by his authority on the public highway.” (74 So. at 978; 86 So. at 632).
The description of a dangerous instrumentality alludes prevadingly throughout both opinions in Southern Cotton Oil Company to a motor vehicle. F.S. § 317.-011(21), F.S.A. inter alia classifies a motor vehicle as one “which is self-propelled”. And F.S. § 317.011(57), F.S.A. clearly distinguishes a trailer from a motor vehicle when it refers to a trailer as being a “vehicle * * * designed * * * for being drawn by a motor vehicle”. In Poole v. Travelers Ins. Co., 1937, 130 Fla. 469, 179 So. 138, our Supreme Court adopted the definition of a trailer contained in the “Insurance Manual”, a part of the record of that case, as follows:
“A trailer is a vehicle not equipped with automotive power, constructed for attachment to an automobile or tractor to *733 supplement the carrying or load capacity of such automobile or tractor”.
The conclusion is irresistible that a trailer is not a motor vehicle, and therefore is not a dangerous instrumentality. This being so, even if Adair had owned the Miller trailer involved in the instant accident he would not have been liable because it was not a dangerous instrumentality and he had nothing to do with its operation at the time the accident occurred.
The final summary judgment appealed from is affirmed.
HOBSON, C. J., concurs.
McNULTY, j., concurs in conclusion.