543 So.2d 231 (1987)
PULLMAN, INC., d/b/a T & M Leasing, and Insurance Company of North America, Appellants,
v.
Charles JOHNSON, As Personal Representative of the Estate of Leonna Johnson, a Deceased Minor, On Behalf of the Estate of Leonna Johnson, and On Behalf of Saintain Eliodor and Charles Johnson, As Survivors of Leonna Johnson, Deceased, and Florida Farm Bureau Casualty Insurance Company, Florida Farm Bureau Mutual Insurance Company, W.E. Schlechter and Sons, Inc., Everglades Celery Corporation and James Lamar Drisdom, Appellees.
No. 85-987.
District Court of Appeal of Florida, Fourth District.
November 4, 1987.
On Rehearing May 26, 1989.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellants.
Wiederhold, Moses & Bulfin, and John R. Beranek of Klein & Beranek, P.A., West Palm Beach, for appellees James Drisdom, W.E. Schlechter & Sons, Inc., Florida Farm Bureau Cas. Ins. Co., and Florida Farm Bureau Mut. Ins. Co.
STONE, Judge.
An owner of the trailer portion of a tractor-trailer, and the company insuring it, Insurance Company of North America (INA), are appealing a final judgment on a crossclaim for contribution. The crossclaim alleged that the trailer, when attached to the cab, became a dangerous instrumentality, and that the driver of the tractor was, in any event, covered under the INA policy.
We recognize that the trailer portion of a tractor-trailer may have an impact on the cause and extent of an accident. But this factor alone does not justify imposition of vicarious liability on the trailer's owner for the negligence of the tractor's driver under the dangerous instrumentality doctrine. The trailer portion of a tractor-trailer rig is not a dangerous instrumentality for the purpose of applying the vicarious liability policy enunciated in Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920). See U-Haul Co. v. Liberty Mutual Insurance Co., 445 So.2d 1082 (Fla. 4th DCA 1984); Garcia v. Mid-Florida Hauling, Inc., 350 So.2d 1141 (Fla. 1st DCA 1977); Foster v. Lee, 226 So.2d 282 (Fla. 2d DCA 1969); Powell v. Henry, 224 So.2d 730 (Fla. 2d DCA 1969), cert. dismissed, 231 So.2d 518 (Fla. 1970). See also Meister v. Fisher, 462 So.2d 1071 (Fla. 1984) (a golf cart is clearly a motorized vehicle, and qualifies as a dangerous instrumentality). *232 Therefore, as to the appellant Pullman, the judgment is reversed.[1]
However, the trial court did not err in entering judgment against INA because the policy of insurance, by its terms and definitions, covered the driver of the cab as a permissive user of the insured trailer. This coverage existed without regard to any findings on the dangerous instrumentality issue. Although it cannot be conclusively demonstrated that the trial judge utilized this basis in reaching the final judgment, this issue was clearly set out in the pleadings and argued to the trial court. In an earlier hearing the court had determined that the driver, his employer, and the cab owner were insureds under the trailer policy.
The final judgment is therefore reversed as to Pullman, Inc. and affirmed as to Insurance Company of North America.
ANSTEAD and WALDEN, JJ., concur.

ON REHEARING.
BY ORDER OF THE COURT:
ORDERED that the November 12, 1987 motion for rehearing, filed by Appellees, W.E. Schlechter & Sons, Inc., James Lamar Drisdom and Everglades Celery Corporation, is granted. The order of November 4, 1987, denying attorney fees is stricken. Further
ORDERED that the Appellees, W.E. Schlechter & Sons, Inc., Drisdom and Everglades Celery Corporation's Motion for Attorney Fees, pursuant to Sec. 627.428, Florida Statutes, is granted and remanded to the trial court to determine amount of said fees.
ORDERED that Appellants' November 19, 1987 motion for rehearing of November 4, 1987 opinion is denied.
ORDERED that Appellees, FLORIDA FARM BUREAU, SCHLECHTER and DRISDOM'S December 17, 1987 Motion to Strike Appellants' Motion for Rehearing is denied.
NOTES
[1] We recognize that there is a question whether vicarious liability applies to a claim for contribution in a case where the plaintiff has dismissed all direct claims against the owner of the trailer, even if the trailer was considered a dangerous instrumentality. However, this issue was not raised by appellant.