595 So.2d 82 (1992)
Joseph CHEUNG, Appellant,
v.
RYDER TRUCK RENTAL, INC., a Florida Corporation, John D. Slein and James Slein, Appellees.
No. 91-623.
District Court of Appeal of Florida, Fifth District.
January 17, 1992.
Rehearing Denied March 16, 1992.
*83 Richard S. Wright, Griffin, Linder, & Wright, P.A., Orlando, for appellant.
John S. Plummer, Bos & Associates, P.A., Orlando, for appellee Ryder Truck Rental.
Michael M. Bell, Hannah, Marsee, Beik & Voght, P.A., Orlando, for appellees John D. Slein and James Slein.
HARRIS, Judge.
Joseph Cheung was a passenger in a Pontiac being driven in its proper lane and in a proper manner when it encountered a rapidly moving wheel which only seconds earlier had been attached to the left rear axle of a Toyota Corolla being towed on the rear of a rented Ryder Truck travelling in the opposite direction on a four lane, divided highway. The wheel crashed through the windshield of the Pontiac and seriously injured Cheung.
John Slein was the driver of the Ryder truck, which had been leased to Michael Burney. He was towing the Toyota which was owned by his father, James Slein, on the rear of the truck attached to a tow bar also rented from Ryder.
Cheung sued the following parties on the following theories:

COUNT I: John Slein for negligently failing to maintain and inspect the rear wheel of the Toyota during transit.

COUNT II: James Slein for negligently failing to maintain and inspect the wheel of the Toyota prior to permitting the towing of the vehicle.

COUNT III: Ryder for negligence in failing to properly warn of danger and properly instruct on the proper use of the towing apparatus.

COUNT IV: John and James Slein for unspecified negligence under the theory of res ipsa loquitur.

COUNT V: Ryder, James Slein and Michael Burney[1] under the dangerous instrumentality doctrine.
John and James Slein and Ryder moved for summary judgment based on the affidavit of James Slein and the deposition of John Slein. Summary judgment was entered in favor of all movants. This appeal followed.
COUNT I: Based on the record of the time of the hearing on the summary judgment, we affirm the trial court as to counts I, II and III.
COUNT IV: We affirm the trial court as to Count IV insofar as it applies to James Slein. The unrefuted evidence before the court was that at the time the Toyota was delivered to John for towing it was "pre-tripped"  that is, the tire pressure had been tested and the lug nuts were tight. Thereafter, the Toyota was under the exclusive control of John. We reverse the summary judgment entered in favor of John, however, because we find that res ipsa loquitur is particularly applicable in wayward wheel cases.
The court in Guerra v. Young Construction Co., 165 So.2d 882 (La. App. 1964) applied the doctrine against the owner of the truck-trailer in a case in which the left rear wheel came off the trailer and crashed *84 into the plaintiff's truck traveling in the opposite direction.[2] The Guerra court cited with approval the earlier Louisiana case of Ross v. Tynes, 14 So.2d 80 (La. App. 1943) which held:
In our opinion the facts of this case, which are not in dispute, present a classic example of the proper application of the doctrine of res ipsa loquitur. Plaintiff was killed while walking on the sidewalk by a double wheel which became detached from a passing truck. It follows that there is an inference, or presumption of negligence on the part of defendants. In other words, when an injury is caused by an instrumentality under the exclusive control of the defendant, as in this case, and it is such as would not ordinarily happen if the party having control of the instrumentality had used proper care, there arises an inference or presumption of negligence. Guerra at 885.
The Ohio court in Dearth v. Self, 8 Ohio App.2d 33, 220 N.E.2d 728 (1966) also applied the doctrine where the plaintiff's vehicle was struck by a rogue wheel that became detached from a "tractor trailer combination." The doctrine was held to apply to the driver, the owner and the lessee of the tractor-trailer.
The Dearth court stated:
To that end the doctrine has been held applicable to a plurality of defendants where one of them is vicariously liable for the negligence of the other, as where one defendant was the principal and the other the agent, or where one defendant was the master and the other the servant.
Dearth, 220 N.E.2d at 729.
While we agree with Dearth that it is possible that control can be had jointly by several persons so that the doctrine can apply to multiple defendants, the undisputed evidence presented at the summary judgment hearing herein was that John Slein alone was in control of the Toyota and that there was no basis for imposing vicarious liability on James. Ryder was not joined in this count. The summary judgment in favor of James was appropriate, the summary judgment in favor of John was error.
COUNT V: We agree that the trial court properly entered summary judgment in favor of James Slein under the plaintiff's count based on the dangerous instrumentality doctrine. Under the facts of this case, the Toyota was not a dangerous instrumentality  its engine was not running; its front wheels did not touch the road; and it had no independent operator. The Toyota was not an automobile in use; it was merely a load being towed behind a vehicle. It was equivalent to a trailer drawn by a tractor. A trailer is not a dangerous instrumentality. Garcia v. Mid-Florida Hauling, Inc., 350 So.2d 1141 (Fla. 1st DCA 1977).
The court in Pullman, Inc. v. Johnson, 543 So.2d 231 (Fla. 4th DCA 1987), rev. dismissed, 549 So.2d 1014 (Fla. 1989) held:
We recognize that the trailer portion of a tractor-trailer may have an impact on the cause and extent of the accident. But this factor alone does not justify imposition of vicarious liability on the trailer's owner for the negligence of the tractor's driver under the dangerous instrumentality doctrine.
Summary judgment was properly entered in favor of James Slein on this count.
We find that the summary judgment in favor of Ryder was error. The *85 supreme court in announcing the dangerous instrumentality doctrine in Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920) held:
In entrusting the servant with this highly dangerous agency, the master put it in the servant's power to mismanage it, and as long as it was in his custody or control the master was liable for any injury which might be committed through his negligence. This is the doctrine of the common law as applied to a new instrumentality eminently dangerous to the persons using the public highways.
Southern Cotton, 86 So. at 636.
The Toyota was under the control of the operator of the Ryder truck. As the court stated in Barango v. E.L. Hedstrom Coal Co., 12 Ill. App.2d 118, 138 N.E.2d 829, 833 (1956):
Irrespective of any statutory requirement, a truck operator engaged in towing another vehicle is performing an act of potential danger to other operators and pedestrians, and persons using a dangerous instrumentality are required to exercise care commensurate with the danger to be apprehended, in order to prevent injury to others.
Ryder made it possible for John Slein, by operating the Ryder truck, to inflict injury on others using the public highway by negligently (if so found by the jury) towing a load behind the truck. The summary judgment in favor of Ryder was error.
AFFIRMED in part; REVERSED in part and REMANDED for further action consistent with this opinion.
COBB and DIAMANTIS, JJ., concur.
NOTES
[1] Burney does not appear anywhere else in this record and his present status is unknown.
[2] Res ipsa loquitur seems particularly appropriate in a case in which the defendant has disposed of the relevant evidence as in this case. As Guerra stated:

The owner of the truck ... against whom we apply the doctrine of res ipsa loquitur ha[s] not shown [its] freedom from negligence. Unfortunately, the truck owner ... did not preserve the broken lug studs, nor [was it] in a position to show how the studs broke, causing the wheel to become detached. [It] speculate[s] that structural metal failure in the studs caused the breaking, claiming a latent defect, but [its] loss of the studs both prevented [it] from being able to prove this hypothesis, and at the same time deprived plaintiffs of the opportunity to prove the contrary. Guerra at 885.
In the case under review, John Slein abandoned the Toyota along the highway. It appears now that the Toyota will be unavailable to both parties in their efforts to determine the cause of this accident.