616 So.2d 142 (1993)
Mack EDWARDS and Arcie Edwards, etc., Appellants,
v.
ABC TRANSPORTATION COMPANY, Appellee.
No. 92-1886.
District Court of Appeal of Florida, Fifth District.
March 26, 1993.
*143 Joseph H. Williams of Troutman, Williams, Irvin & Green, P.A., Winter Park, for appellants.
Laura P. Kowalczyk and David C. Beers of Beers, Jack, Tudhope & Wyatt, P.A., Maitland, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment in a personal injury case.
Appellants allege they were injured as a result of the negligent operation of a tractor and semi-trailer. Appellee owned the semi-trailer while another defendant owned the tractor and a third defendant was the operator of the tractor-trailer unit.
Appellee moved for summary judgment on the ground that absent evidence of negligence on its part it could not be held responsible for injuries to the appellant. Appellants moved for summary judgment against appellee alleging that appellee was vicariously liable for their injuries as a result of its ownership of the trailer. Appellants alleged that a semi-trailer is statutorily defined as a motor vehicle and is therefore a dangerous instrumentality as a matter of law. Following a hearing, the trial court entered summary judgment in appellee's favor.
The issue is whether a trailer is a motor vehicle and therefore a dangerous instrumentality for purposes of imposing vicarious liability in this negligence action. Because a trailer is defined as a motor vehicle in Chapter 320 of the Florida Statutes which pertains to motor vehicle licensing requirements, appellant contends that the trial court's failure to categorize a trailer as a motor vehicle for purposes of the dangerous instrumentality doctrine was erroneous. See § 320.01(1)(a), Fla. Stat. (1991). The legislative intent underlying the implementation of Chapter 320 specifies that
all services affecting motor carriers be consolidated in order to encourage interstate commerce and achieve maximum efficiency in registration, permitting, and safety programs administered by this state. In order to achieve this goal, Florida must join the cooperative effort that is being conducted on the national level by Congress, the United States Department of Transportation, and other groups to achieve uniformity among the jurisdictions and reduce the number of separate reports required by each jurisdiction of the motor carrier industry. Florida shall consolidate all requirements imposed on motor carriers operating in this state and shall actively negotiate reciprocal agreements and compacts with other jurisdictions to accomplish the intent of this chapter.
§ 320.0104(2), Fla. Stat. (1991). Because it is apparent that Chapter 320 pertains to vehicle registration and permitting requirements, the trial court's refusal to include trailers within the definition of motor vehicles *144 for purposes of the dangerous instrumentality doctrine is correct.
This court's recent decision in Cheung v. Ryder Truck Rental, Inc., 595 So.2d 82 (Fla. 5th DCA 1992) is controlling. Though not directly on point, language contained in Cheung directly addresses the issue presented in this case. In Cheung, Joseph Cheung, the passenger of a Pontiac, was seriously injured when the car in which he was riding encountered a rapidly moving wheel which had become disengaged seconds earlier from the left rear axle of a Toyota Corolla while being towed on the rear of a rented Ryder Truck. Though the vehicles were travelling in opposite directions on a four-lane divided highway, the wheel crashed through the windshield of the Pontiac in which Cheung was riding. John Slein, the driver of the Ryder truck, was towing the Toyota owned by his father, James Slein, on the rear of the truck attached to a tow bar. Michael Burney had rented both the truck and the tow bar from Ryder.
In Count V of his complaint (the only count applicable to the present case), Cheung sued Ryder, James Slein and Michael Burney under the dangerous instrumentality doctrine. Ryder and Slein moved for summary judgment after which the trial court granted their motions and entered judgment in their favor. Cheung appealed and this court affirmed the summary judgment entered in favor of Slein but reversed the summary judgment entered in favor of Ryder. This court found a genuine issue of material fact as to Ryder's liability to Cheung under the dangerous instrumentality doctrine because Ryder had made it possible for John Slein to inflict injury on others by perhaps negligently operating the truck and towing the Toyota, also under his control, behind the truck.
Relying upon Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920), this court explained that the dangerous instrumentality doctrine is founded upon the common law doctrine of master and servant. Under this doctrine, the master is liable for a servant's negligence where he entrusts the servant with a dangerous instrumentality which is under the servant's custody or control at the time of the injury.
Finally, this court found that the dangerous instrumentality doctrine precluded a finding of liability against James Slein, the owner of the Toyota stating:
... Under the facts of this case, the Toyota was not a dangerous instrumentality  its engine was not running; its front wheels did not touch the road; and it had no independent operator. The Toyota was not an automobile in use; it was merely a load being towed behind a vehicle. It was equivalent to a trailer drawn by a tractor. A trailer is not a dangerous instrumentality. Garcia v. Mid-Florida Hauling, Inc., 350 So.2d 1141 (Fla. 1st DCA 1977). [emphasis supplied].
The court in Pullman, Inc. v. Johnson, 543 So.2d 231 (Fla. 4th DCA 1987), rev. dismissed, 549 So.2d 1014 (Fla. 1989) held:
We recognize that the trailer portion of a tractor-trailer may have an impact on the cause and extent of the accident. But this factor alone does not justify imposition of vicarious liability on the trailer's owner for the negligence of the tractor's driver under the dangerous instrumentality doctrine.
Cheung, 595 So.2d at 84.
In Pullman, Inc. v. Johnson, 543 So.2d 231 (Fla. 4th DCA 1987), rev. dismissed, 549 So.2d 1014 (Fla. 1989), the Fourth District Court of Appeal reversed the trial court's entry of a final judgment against the owner of a trailer on a crossclaim for contribution. The crossclaim alleged that the trailer was a dangerous instrumentality when attached to the cab of a tractor. Citing authority from its own as well as from the First and the Third District Courts of Appeal, the court in Pullman held that the trailer portion of a tractor-trailer rig is not a dangerous instrumentality for purposes of imposing vicarious liability. See U-Haul Co. v. Liberty Mut. Ins. Co., 445 So.2d 1082 (Fla. 4th DCA 1984) (trailer is a motor vehicle for purposes of licensing or service of process but is not a *145 motor vehicle under dangerous instrumentality doctrine); Garcia v. Mid-Florida Hauling, Inc., 350 So.2d 1141 (Fla. 1st DCA 1977) (trailer is not a dangerous instrumentality); Foster v. Lee, 226 So.2d 282 (Fla. 2d DCA 1969) (trailer is not a dangerous instrumentality as a matter of law); Powell v. Henry, 224 So.2d 730 (Fla. 2d DCA 1969) (trailer is not a motor vehicle and is therefore not a dangerous instrumentality).
The Foster court perhaps best explained the rationale underlying the foregoing cases:
... The dangerous tendencies of motorized vehicles in ordinary operation, tragically borne out by accident statistics, was the basis of our Supreme Court's initial characterization of those vehicles as "dangerous instrumentalities". But it was said, that such vehicles are not dangerous "per se", but are so only in their ordinary use. A trailer, on the other hand, is certainly no more dangerous "per se" than is the tractor' and we cannot see how, of itself, it is dangerous in ordinary use. It is not motorized, nor is it in any way a self-propelled (automobile) vehicle. Not unlike a railroad car, it depends on a "power unit" for its mobility; and the power unit, with or without the trailer, is the self-sufficient source of hazard. True it is that a trailer, and the load it carries, adds to the weight and probably the destructive force of the entire rig; but certainly no more so than if the tractor unit was converted into a very large truck. In either case, it is the power unit which is "operated" prudently or negligently, as the case may be; and the size or weight of its cargo, or that which it hauls, bears only on the factors to be considered if the operator is to use due care. The same response is appropriately addressed to the argument that a trailer's peculiar characteristics make a substantially different integral vehicle out of the tractor, thus creating a new vehicle with greater dangerous tendencies. Again, the fact that the tractor is hauling a trailer is just another factor to be taken into account in the prudent operation of the tractor. [footnote omitted].
Foster, 226 So.2d at 282. Based on the foregoing reasoning, the trial court's entry of a final summary judgment in appellee's favor in this case is affirmed.
AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.