# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1822
Lower Tribunal No. 15-30283
_____

**Natalie Saunders-Pinnock,**
Appellant,

vs.

**Colonial Freight Systems, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Law Offices of Anidjar & Levine, P.A., and Glen B. Levine (Fort Lauderdale), for appellant.

Traub Lieberman Straus & Shrewsberry LLP, and Scot E. Samis (St. Petersburg), for appellee.

Before SCALES, LINDSEY and BOKOR, JJ.

BOKOR, J.

Natalie Saunders-Pinnock appeals final summary judgment entered in favor of Colonial Freight Systems, claiming the trial court erred in concluding that (1) Saunders-Pinnock failed to create an issue of fact regarding Colonial Freight's ownership or operation of a tractor pulling the trailer, and (2) the trailer, owned by Colonial Freight, was itself not a dangerous instrumentality. Based on the record, the applicable summary judgment standard, and the law regarding the dangerous instrumentality doctrine, we conclude the trial court correctly granted summary judgment in favor of Colonial Freight.

On May 2, 2015, while driving on Interstate 95 near the Miami-Dade/Broward county line, a tractor-trailer collided with Saunders-Pinnock's vehicle. The tractor-trailer didn't stop. Saunders-Pinnock followed and took pictures of the license plate of the trailer portion of the tractor-trailer. After some forensic work, she identified a license plate number for the trailer connected to Colonial Freight. She also testified that the trailer bore the initials of the trucking company, CFS.

Colonial Freight moved for summary judgment, claiming that Saunders-Pinnock's proffered evidence regarding the *trailer* fails to establish a triable issue of fact regarding ownership or operation of the *tractor*. The letters on the side of a trailer may create a rebuttable presumption as to ownership or operation of the tractor, but Colonial Freight rebutted that

2

presumption by submitting uncontroverted evidence that no Colonial Freight driver or *tractor* was in the vicinity of the accident.[1]  In a similar situation, the Second District concluded that "such presumption was rebuttable and 'vanished' when uncontradicted evidence showed that the trailer did not in fact belong to [the defendant]."  Powell v. Henry, 224 So. 2d 730, 732 (Fla. 2d DCA 1969).  With the rebuttable presumption rebutted, and no further evidence adduced to create an issue of fact, there's no evidence from which a factfinder could conclude that Colonial Freight owned or operated the *tractor* portion of the tractor-trailer.

Saunders-Pinnock insists that conflicting material facts exist, precluding entry of summary judgment.  See Mercury Cab Owners' Ass'n v. Jones, 79 So. 2d 782, 784 (Fla. 1955) ("The question of whether the

---

[1] Florida has adopted the reasoning of the Fifth Circuit that:

> [W]here a defendant's name appears on a commercial vehicle involved in an accident, there is a rebuttable presumption that the vehicle is owned by the defendant and that the operator of the vehicle is an employee of the defendant, and was, at the time of the accident, engaged in the scope of his employment and in the furtherance of the business of the master.

Jack Cole Co. v. Hudson, 409 F.2d 188, 192 (5th Cir. 1969); accord Carrazana v. Coca Cola Bottling Co., 375 So. 2d 345, 346 (Fla. 3d DCA 1979).  However, a rebuttable presumption is just that—rebuttable.  Where, as here, the defendant rebuts the presumption, and no other evidence exists, no issue of fact remains for the jury.

3

presumption was overcome by the evidence introduced by the [defendant] . . . is ordinarily one of fact for the jury."). However, in the same opinion the Florida Supreme Court explained:

> [A]s in the case of any presumption, it is decisive only in the absence of contrary evidence. When substantial evidence contrary to a presumption is introduced, the underlying facts that originally raised the presumption may or may not retain some degree of probative force as evidence but they no longer have any artificial or technical force; in other words, the presumption falls out of the case. It never had and cannot acquire the attribute of evidence in the claimant's favor. Its only office is to control the result where there is an entire lack of competent evidence.

Id. (citations and quotations omitted). In the face of Saunders-Pinnock's inability to adduce any evidence as to the ownership of the tractor, the trial court appropriately granted summary judgment. See Anderson v. S. Cotton Oil Co., 74 So. 975, 977 (Fla. 1917) ("When the evidence adduced as to the material issues in a cause is not conflicting, and the evidence . . . does not afford a sufficient legal basis for a verdict for the plaintiff, the trial judge may direct a verdict for the defendant.); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (requiring that a party "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); see also In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 192 (Fla. 2020) ("[T]he federal

4

summary judgment standard 'mirrors' the standard for a directed verdict.") (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (Fla. 1986)).

With no triable issue remaining regarding the ownership or operation of the dangerous instrumentality—the tractor—we reiterate the well-settled principle that the trailer itself isn't a dangerous instrumentality. See Pullman v. Johnson, 543 So. 2d 231, 231 (Fla. 4th DCA 1987) ("The trailer portion of a tractor-trailer rig is not a dangerous instrumentality for the purpose of applying the vicarious liability policy enunciated in Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629 (1920)."); see also Edwards v. ABC Transp. Co., 616 So. 2d 142, 144 (Fla. 5th DCA 1993) (affirming entry of final summary judgment in favor of owner of semi-trailer relying on Pullman); Ranger Nationwide, Inc. v. Cook, 519 So. 2d 1087, 1088 n.2 (Fla. 3d DCA 1988) (citing Pullman and noting that in resolving jurisdictional questions "[i]t is not meant to suggest that the owner or lessee of a trailer may be substantively, vicariously liable for the negligent operation of the truck combination of which it is only a part"). In other words, unless Saunders-Pinnock could allege a cause of action based on the trailer alone, there's no basis for Colonial Freight's liability for the accident caused by the alleged negligent driving of the tractor.

Affirmed.